U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

FILED

DEC 1 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:   STEPHEN J.R. GOETZ and DIANA GOETZ

BAP No.: NC-07-1418

Bankruptcy No(s).: 05-57623-MM

Adversary No(s).: 06-5197

CV 07 6364

RMW

NOTICE OF TRANSFER OF APPEAL TO DISTRICT COURT

A party to the appeal has timely filed an objection to the
disposition of this matter by the Bankruptcy Appellate Panel.
See 28 USC Section 158.  Consequently, this appeal is herewith
transferred to _____SAN FRANCISCO DISTRICT COURT_____.

Please acknowledge receipt of the case file listed above
by signing and returning a copy of this transmittal form.

Harold S. Marenus, BAP Clerk

By: Edwina Clay
    Deputy Clerk

Date: December 10, 2007

Please acknowledge receipt of
the case file listed above.

Dated:_____

Signed:_____
            District Court Deputy

Assigned District Court No.

_____

cc: Bankruptcy Court
    All Parties

CSJ

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
280 South First Street, Room 3035
San Jose, CA  95113-3099

**FILED**

RMW NOV 0 6 2007

CV 07    6 3 6 4

**CLERK**
United States Bankruptcy Court
San Jose, California

**TRANSMITTAL FORM**

BAP# NC-07-1418

TO:    Bankruptcy Appellate Panel of the Ninth Circuit, 125 S. Grand Avenue, Pasadena, CA, 91105

FILED

| | |
|---|---|
| CASE NAME: | Stephen J.R. Goetz and Diana Goetz |
| BANKRUPTCY NO.: | 05-57623-MM |
| ADVERSARY PROCEEDING: | John Challas v. Steven Goetz |
| ADVERSARY NO.: | 06-5197 |
| BANKRUPTCY JUDGE: | Morgan |
| DATE NOTICE OF APPEAL FILED: | 11/1/07 |
| DATE OF ENTRY OF ISSUE: | 10/22/07 |
| DATE BANKRUPTCY FILED: | 10/12/05 |
| NOTICE OF OBJECTION FILED: | |
| DATE OF TRANSMITTAL: | 11/6/07 |

DEC 1 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Harold S. Marenus, Clerk
U.S. BKCY.APP.PANEL
OF THE NINTH CIRCUIT

NOV – 8 2007

FILED
DOCKETED  11-13-07

PLEASE STAMP YOUR CASE NUMBER on a copy of this transmittal form and return the copy to the
bankruptcy court.

**BROOK ESPARZA**
_____
Deputy Clerk

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re
Stephen J.R. Goetz and

Diana Goetz

_____ Debtor(s) /

John Challas

_____

Plaintiff(s)

v.

Steven Goetz

_____ Defendant(s)/

Case No. 05-57623-MM

Adversary No. 06-5197

Chapter 11

**FILED**

NOV 0 6 2007

CLERK
United States Bankruptcy Court
San Jose, California

CV 07 6364

RMW

### NOTICE OF REFERRAL OF APPEAL TO BANKRUPTCY APPELLATE PANEL

TO ALL PARTIES:

YOU AND EACH OF YOU are hereby notified that a notice of appeal has been filed by Stephen Goetz with

the Clerk of the Bankruptcy Court. By virtue of the orders of the Judicial Council of the Ninth Circuit and

the District Court for this district, the above appeal has been referred to the United States Bankruptcy

Appellate Panel of the Ninth Circuit (BAP).

Dated: November 6, 2007

GLORIA L. FRANKLIN, Clerk

By:___BROOK ESPARZA_____

Deputy Clerk

1

2

Re: 05-57623-MM

3  Adv. 06-5197

4

5

6

7                    UNITED STATES BANKRUPTCY COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                        CERTIFICATE OF MAILING

10

11          I, the undersigned, a regularly appointed and qualified clerk in the office of the Northern

12  District of California, San Jose, California, hereby certify:

13          That I, in the performance of my duties as such Clerk, served a copy of the foregoing
document by depositing it in the regular United States mail at San Jose, California on the date shown

14  below, in a sealed envelope bearing the lawful frank of the United States Bankruptcy Court
addressed as listed below.

15

16

17  Stephen Goetz                      Daniel D. McGee, Esq.
13725 Robleda Rd.                  Mark E. Ellis

18  Los Altos, CA 94022                Wendy D. Vierra, Esq.
                                   Ellis, Coleman et al

19  George P. Eshoo, Esq.              555 University Avenue #200
Law Offices of Eshoo & Assoc.      Sacramento, CA 95825

20  702 Marshall Street #500
Redwood City, CA 94063             Office of the U.S. Trustee
                                   280 S. First St. Room 268

21  Clerk of the Bankruptcy Appellate  San Jose CA 95113

22  Panel
Attn. Edwina Clay

23  125 South Grand Ave.
Pasadena CA 91105

24

25  Dated: November 6, 2007

26

27                                     Brook Esparza, Deputy Clerk

28

                                1

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1

2    by placing a true copy thereof in the United States mail at San

3    Jose, California, postage prepaid, addressed as follows:

4    Daniel D. McGee, esq.
     Ellis, Coleman, Poirer
5    555 University Avenue, Suite 200 East
     Sacramento, CA   95825
6

7    George P. Eshoo, esq.
     Law Offices of George P. Eshoo
8    702 Marshall Street, Suite 500
     Redwood City, CA   94063
9

10

11       I declare under the penalty of perjury that the foregoing

12   is true and correct, and that this declaration was executed on

13   November 1, 2007, at San Jose, California.

14

15

16

17

18                                   /s/Stanley Zlotoff

19

20

21

22

23

24

25

- 2

1   Stephen Goetz
    13725 Robleda Road
2   Los Altos, CA  94022
    Telephone: (650) 941-6000
3   In Pro Per



4                   UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF CALIFORNIA
5
                                                    NOV - 8 2007
6
                                            FILED _____
7                                           DOCKETED _____
                                                      DATE    INITIAL
    In re: Stephen J.R. Goetz    ) Chapter 11
8                                )
    And Diana Goetz,             )
9                                ) Case No.: 05-57623 MM   **RMW**
                   Debtors.      )
10  _____/   BAP# NC-07-1418
                                 )
11  John Challas,                )
                                 ) Adv. Pro. No:06-5197
12                Plaintiff,     )
                                 )
13  Vs.                          )
                                 )
14      Steven Goetz, et.al.,    )
                                 )
15                Defendants.  /
    _____

16                      NOTICE OF APPEAL

17       Debtor-Defendant Stephen Goetz hereby appeals from the

18  Order determining non-dischargeability of Plaintiff's cause of

19  action for slander, which Order was entered on the Court's

20  docket on October 22, 2007.

21       The names of all parties to the Order and the names,

22  addresses and telephone numbers of their respective attorneys

23  are as follows:

24

25


                               - 1

1  Stephen Goetz
   13725 Robleda Rd.
2  Los Altos, CA   94022
   (650) 941-6000
3  Debtor-Defendant/Appellant    In Pro Per

4  John Challas
   Plaintiff/Appellee            George P. Eshoo, esq.
5                                Law Offices of Eshoo & Assoc.
                                 702 Marshall Street #500
6                                Redwood City, CA   94063
                                 (650) 364-7030
7
                                 Daniel D. McGee, esq.
8                                Mark E. Ellis
                                 Wendy D. Vierra, esq.
9                                Ellis, Coleman, Poirer & La Voie
                                 555 University Avenue #200 #
10                               Sacramento, CA   95825
                                 (916) 283-8820
11

12
   Dated:   November 1, 2007
13

14

15                               /s/Stephen Goetz

16

17

18

19

20

21

22

23

24

25

- 2

1  Mark E. Ellis # 127159
   Daniel D. McGee # 218947
2  Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
   555 University Avenue, Suite 200 East
3  Sacramento, CA 95825
   Tel. (916) 283-8820
4  Fax (916) 283-8821

5  George P. Eshoo - 39081
   Law Offices of George P. Eshoo & Associates
6  702 Marshall Street, Suite 500
   Redwood City, CA 94063
7  Tel: (650) 364-7030
   Fax: (650) 364-3054

8

9  Attorneys for Plaintiff JOHN CHALLAS

10                    UNITED STATES BANKRUPTCY COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13

14  In re: Stephen J.R. Goetz and Diana          Chapter 11
    Goetz,
15                                               Case No. 05-57623 MM
              Debtors.
16                                               Adversary Proceeding No. 06-5197

17  ─────────────────────────────────           **PLAINTIFF JOHN CHALLAS'S OBJECTION TO
                                                 APPEAL BEING HEARD AND DETERMINED BY
18  John Challas,                                BANKRUPTCY APPELLATE PANEL**

              Plaintiff,
19
    v.
20
    Steven Goetz, and DOES 1 through 20,
21  Inclusive,

22            Defendants.

23  ─────────────────────────────────

24
           Pursuant to General Order No. 24, Part II, sections 2.01(b) and 2.02(a), and the Judicial
25
    Council of the Ninth Circuit's Amended Order Establishing and Continuing the Bankruptcy Appellate
26
    Panel of the Ninth Circuit ("BAP"), Plaintiff JOHN CHALLAS ("Mr. Challas") hereby objects to the
27
    BAP hearing and determining Defendant Stephen Goetz's appeal of the order determining the non-
28
                                                 - 1 -

    **PLAINTIFF JOHN CHALLAS'S OBJECTION TO APPEAL BEING HEARD AND DETERMINED BY
                          BANKRUPTCY APPELLATE PANEL**

1  dischargeability of Mr. Challas's cause of action for slander, which order was entered on the

2  Bankruptcy Court's docket on October 22, 2007.  Mr Challas further requests that said appeal be

3  transferred to the United States District Court for the Northern District of California.

4

5

6  Dated: November 20, 2007                    ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                              STEINHEIMER LLP

7

8  By _____

9        DANIEL D. McGEE
       Co-Counsel for Plaintiff JOHN CHALLAS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 2 -

## CERTIFICATE OF SERVICE

I, Alexandria M. Felix, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On November 20, 2007, I served the following document(s) on the parties in the within action:

**PLAINTIFF JOHN CHALLAS'S OBJECTION TO APPEAL BEING HEARD AND DETERMINED BY BANKRUPTCY APPELLATE PANEL**

| | |
|---|---|
| **X** | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

Stephen Goetz                                      In Pro Per
13725 Robleda Road
Los Altos, CA 94022

George P. Eshoo, Esq.                          Co-Counsel for John Challas
Law Offices of George P. Eshoo et al.
702 Marshall Street, Suite 500
Redwood City, CA 94063

Clerk of The Bankruptcy Appellate Panel
125 South Grand Avenue
Pasadena, CA 91105

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 20, 2007.

By _____
Alexandria M. Felix

- 3 -

## ELLIS, COLEMAN
## POIRIER, LA VOIE & STEINHEIMER, LLP

555 UNIVERSITY AVENUE, SUITE 200 EAST
SACRAMENTO, CA 95825
TEL: (916) 283-8820  FAX: (916) 283-8821
e-mail: afelix@ecplslaw.com

RECEIVED
Harold S. Marenus, Clerk
U.S. BKCY APP. PANEL
OF THE NINTH CIRCUIT

NOV 2 6 2007

FILED_____
DOCKETED_____
        DATE        INITIAL

**RMW**

November 20, 2007

**VIA OVERNIGHT MAIL**

Clerk of the Court
U.S. Bankruptcy Court
Northern District of California
280 South First Street, Room 3035
San Jose, CA 95113

RE:    ***CHALLAS v. GOETZ***
       Adversary Proceeding No. 06-5197
       Bankruptcy Case No. 05-57623
       BAP No. NC-07-1418

Dear Clerk:

Please find enclosed an Original Objection to Appeal being Heard and Determined by Bankruptcy Appellate Panel, as well as 3 copies of the same. Please file the original, and return 2 endorsed copies in the also enclosed self addressed stamped envelope.

If you have any questions in this regard, please feel free to contact our office.

Very truly yours,

Alexandria M. Felix, Legal Assistant
For Daniel D. McGee, Esq.

cc: ████████████████████

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California  (626) 229-7220
Appeals from all other Districts (626) 229-7225

RE:  STEPHEN J.R. GOETZ and DIANA GOETZ

Appellant:  Stephen J.R. Goetz

BAP No: NC-07-1418                   CV 07      6364

BK. NO: 05-57623-MM          ADV. No(s): 06-5197

**RMW**

### OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy
Appellate Panel (BAP) and assigned the case number above.  All
papers filed with the BAP should be in the form of an original
and three copies.

The BAP docket and other court information is available through
the National PACER system. http://pacer.bap09.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the
BAP.  Appeals are also governed by Parts VIII and IX of the Federal
Rules of Bankruptcy Procedure (F.R.B.P.), and some parts of the
Federal Rules of Appellate Procedure (F.R.A.P.) and the local
rules of the Ninth Circuit (Circuit Rules).  See 9th Cir. BAP
Rule 8018(b)-1.

Pursuant to 9th Cir. BAP Rule 8001(a)-1, please immediately send
the BAP Clerk a copy of the signed and entered order or judgment
being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in
prosecuting this appeal is compliance with F.R.B.P. 8006 and 8007,
which require Appellant to file within 10 days in the bankruptcy
court a designation of record, statement of issues on appeal, and a
notice regarding the ordering of transcripts.  Under these rules
Appellee may also file a supplemental designation of record and order
transcripts.  The party ordering the transcripts must make satisfactory
arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with
the bankruptcy court a notice stating that none are required.
See also 9th Cir. BAP R. 8006-1.

The parties should note that the designation of record under
F.R.B.P. 8006 is a necessary procedural step in prosecuting an
appeal and the parties may not later include in their excerpts of
the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8007(a), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk. This triggers the issuance of the briefing schedule by the BAP Clerk. The briefing schedule contains time deadlines and instructions regarding filing of briefs. However, the parties should be aware that the time periods set forth in the briefing schedule are relatively short and extensions of time greater than 15 days are generally granted only based on a showing of good cause. See F.R.B.P. 8009 and 9th Cir. BAP R. 8009(a)-1.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request to change time and place are rarely granted.

### CERTIFICATE OF MAILING

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

By: Edwina Clay

Deputy Clerk: November 13, 2007

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California  (626) 229-7220
Appeals from all other Districts (626) 229-7225


TO:        Clerk, Bankruptcy Court, San Jose   (Attn: Brook)

DEBTOR(S): STEPHEN J.R. GOETZ and DIANA GOETZ

BAP NO.:   NC-07-1418

BK. NO.:   05-57623-MM        ADV. NO.: 06-5197


INTERNAL BK. CT. NO.:

The Bankruptcy Appellate Panel has received and docketed the notice
of appeal. The BAP case number is indicated above for your information.

If completion of the record has been delayed, please advise us as
to the cause of the delay by completing the following checklist
and sending a copy of this letter back to us:

IF THE RECORD ON APPEAL IS COMPLETE, PLEASE SEND THE CERTIFICATE
OF READINESS


     Harold S. Marenus, BAP Clerk


By: Edwina Clay
    Deputy Clerk

    Date: November 13, 2007


A) REASONS WHY THE RECORD HAS NOT BEEN COMPLETED.  THE FOLLOWING
   ITEMS HAVE NOT BEEN FILED:
        1._____No Filing Fees paid
        2._____No Designation of Record
        3._____No Statement of Issues
        4._____No Notice Regarding the Transcript
        5._____No Reporter's Transcript(s)
                   Reporter name:_____
                           phone:_____
                   Judge:_____
                   Transcript date(s):_____
        6._____No Transcript Fees paid
        7._____Extension of Time Granted to Reporter:
                   New deadline:_____
        8._____Other:_____

B) DEPUTY CLERK PROCESSING THIS APPEAL
        1. Name:_____
        2. Phone:_____
        3. Date:_____

Proceedings include all events.
07-1418  Goetz, et al v. Challas

In re: STEPHEN J.R. GOETZ
     Debtor

In re: DIANA GOETZ
     Debtor


-------------------------

STEPHEN J.R. GOETZ                    Stephen J.R. Goetz
     Appellant                       650/941-6000
                                     [COR LD NTC prs]
                                     13725 Robleda Road
                                     Los Altos, CA 94022


     v.

JOHN CHALLAS                         George P. Eshoo, Esq.
     Appellee                        415/364-7030
                                     [COR LD NTC ret]
                                     GEORGE P. ESHOO & ASSOCIATES
                                     702 Marshall Street
                                     Suite 500
                                     Redwood City, CA 94063

                                     Daniel D. McGee, Esq.
                                     916/283-8820
                                     Suite 200 E
                                     [COR LD NTC ret]
                                     ELLIS, COLEMAN, POIRER & LAVOIE
                                     555 University Avenue
                                     Sacramento, CA 95825

Entered on Docket
October 22, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# NOT INTENDED FOR PUBLICATION

The following constitutes
the order of the court. Signed October 19, 2007

*Marilyn Morgan*

Marilyn Morgan
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 07    6964

| | |
|---|---|
| In re STEPHEN J.R. GOETZ and DIANA GOETZ, | Case No. 05-57623-MM |
| Debtors. | Chapter 11 |
| | **RMW** |
| JOHN CHALLAS, | Adversary No. 06-5197 |
| Plaintiff, | |
| vs. | |
| STEVEN GOETZ and Does 1 through 20 inclusive, | **MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING** |
| Defendants. | |

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

## INTRODUCTION

John Challas alleges that the debtor, Stephen Goetz, slanderously told other people that Challas had admitted to a variety of criminal conduct, including breaking and entering, burglary and theft. Goetz moved to dismiss the complaint asserting that Challas knew or should have known of any claim for slander prior to the confirmation of Goetz's plan of reorganization, and as a result, the claim was discharged when Goetz's plan of reorganization was confirmed. Because the parties' motion papers relied on declarations and other evidence, the court treated the motion as a motion for summary judgment. After two contradictory affidavits created a clear question of fact, the parties agreed to hold

1

1  an evidentiary hearing solely with respect to the potentially dispositive issue of when the cause of action

2  for slander against Goetz was first within Challas' fair contemplation. Based on the evidence adduced

3  and the arguments of counsel, and for the reasons explained, the court concludes that the cause of action

4  alleged in the adversary complaint was not within Challas' fair contemplation at the time that Goetz's

5  plan of reorganization was confirmed and, therefore, was not discharged.

6

7                                              **FACTS**

8        Challas and Goetz are long-time acquaintances as a result of commercial real estate activities

9  in Los Altos, California. Jane Challas, John's wife, is a shareholder of 4920 Corporation ("4920"), a

10  company that owns a building located at 4920 El Camino Real in Los Altos. From time to time, Challas

11  has been an agent for the property. The Goetz family, and later Goetz himself, owned a nearby building

12  located at 4906 El Camino Real. The business connection between Challas and Goetz developed into

13  something of a friendship among the two men and their wives. However, Challas testified that the

14  relationship deteriorated significantly when Challas agreed to serve as a witness against Goetz in a 2001

15  state court action. In that action, members of the Goetz Family Trust accused Goetz of fraud and other

16  breaches of fiduciary duty arising out of Goetz's purchase of the 4906 building from his father, shortly

17  before his father's death. Challas indicated that the friendship ended in 2002 when Goetz sent Challas

18  an email concerning Challas' use of Goetz's Chevy Suburban. The details surrounding the email were

19  not offered into evidence.

20        Beginning in 2000, a law firm known as Reynolds, Casas & Riley, LLP became a tenant at 4920,

21  El Camino Real, and Challas hired Goetz's wife, Diana, to decorate the firm's suite. The landlord-

22  tenant relationship, however, was contentious. By May 2003, 4920 had initiated a state court unlawful

23  detainer action to evict RC&R from the premises. A few months later, in August 2003, RC&R filed a

24  separate state court action against 4920 asserting various tort and breach of contract claims ("RC&R

25  action"). The RC&R complaint alleges, in part, that Challas, along with several other defendants,

26  conspired to and did enter RC&R's office suite on June 16, 2002 with a hidden purpose of stealing

27  RC&R's copy of its office lease, altering the copy to reflect higher rates of rent than RC&R had agreed

28  to pay, and destroying the original lease. The complaint further alleges that 4920's unlawful detainer

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

2

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

1    action was premised on the wrongfully altered lease. The allegations regarding Challas and the

2    alteration of the lease are on information and belief. The attorney who drafted the complaint, Samuel

3    Goldstein, testified that before the complaint was filed, Sheila Riley, a principal of RC&R, had advised

4    him that, nearly a year earlier, she had had a conversation with Goetz in which Goetz told her that

5    Challas had bragged to Goetz about entering into the RC&R offices and removing documents.

6    Goldstein noted, however, that Riley had instructed him not to identify Goetz as the source of the

7    information.

8        Early in the RC&R action, the state court stayed discovery, and 4920 did not serve its first set

9    of interrogatories on RC&R until February 2006. One of those interrogatories asked RC&R to identify

10   all individuals who: a) witnessed the alleged June 16, 2002 trespass into RC&R or the events occurring

11   immediately before or after the incident; b) made a statement at the scene of the alleged trespass into

12   RC&R; c) heard any statements made about the alleged trespass into RC&R by an individual at the

13   scene; and d) may have knowledge of the alleged trespass into RC&R. Although RC&R was aware that

14   Goetz claimed to have heard statements about the incident from Challas, RC&R did not specifically

15   identify Goetz in response to subpart c) of the interrogatory. Instead, RC&R stated that it lacked

16   sufficient information to respond. However, in response to subpart d), RC&R included Goetz and his

17   wife in the middle of a list of approximately sixteen individuals or entities who might have knowledge

18   of the incident.

19       On June 6, 2006, this court entered an order confirming the Goetz' chapter 11 plan of

20   reorganization. Goetz and his wife had filed a chapter 11 petition eight months earlier, in October 2005,

21   because the fraud and breach of fiduciary duty lawsuit filed by the Goetz Family Trust had resulted in

22   a judgment against Goetz. The Goetz schedules listed Challas as a creditor holding an unsecured claim

23   of $75,000 related to "attorneys' fees."

24       Six weeks after confirmation, on July 26, 2006, Riley gave her deposition in the RC&R action.

25   Challas was present for her testimony. Riley stated that back on August 22, 2002, she had telephoned

26   Diana Goetz, the decorator for the RC&R office space, because Riley had just received a letter from

27   4920 indicating the RC&R owed 4920 money for things that the firm never heard about. Diana Goetz

28   asked her husand to come to the phone and, when he did, Goetz told Riley that Challas had bragged to

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

3

1    Goetz about planning the June 16, 2002 incident at RC&R's office. Goetz told Riley that Challas was

2    an evil man and that Challas had said that while he was in the office, he had copied papers from

3    RC&R's lease file in order to "get" the law firm. Goetz stated that Challas had shown him some of the

4    copies, but Goetz told Riley that he would deny ever speaking with Challas because he and John "had

5    things on each other."

6        Both Challas and Chris Ashworth, an attorney that initially represented Challas in the both the

7    unlawful detainer and the RC&R actions, testified at trial that they first learned that Goetz was the

8    source of the information behind the trespass allegations in the RC&R action during or after Riley's

9    deposition. Shortly after the Riley deposition, Challas contacted George Eshoo, his counsel in this

10   adversary proceeding, and asked for legal assistance because Goetz was spreading lies about him. In

11   mid-October 2006, Challas filed a state court slander action against Goetz. That complaint was removed

12   to this court and serves as the basis of this adversary proceeding.

13       To counter Challas' evidence that he did not fairly contemplate a claim against Goetz until he

14   heard Riley's deposition testimony, Goetz offered his own testimony and that of RC&R's state court

15   attorney, Goldstein. Goetz testified that Challas often complained bitterly about RC&R's failure to pay

16   rent and how he wanted to get the firm out of the 4920 building. Then, a few days after June 16, 2002,

17   Goetz was sitting on his patio with his wife when Challas telephoned. When Goetz answered, Challas

18   bragged that he had "solved his problem" with RC&R. Challas told Goetz that he, Challas, had gone

19   into RC&R's office, removed some documents, and solved his problem. Challas denies that this

20   telephone conversation ever took place and denies that he ever removed any documents from RC&R's

21   office suite.

22       In addition to the filing of the complaint in the RC&R action, Goldstein testified that there were

23   several occasions prior to June 2006 when Challas either knew of or should have fairly contemplated

24   his slander action against Goetz. First, in July 2003, Goldstein deposed Challas as part of 4920's

25   unlawful detainer action. At that deposition, Goldstein asked Challas pointed questions about whether

26   Challas had ever told anyone that Challas had taken documents from RC&R's offices. Within the next

27   few weeks, Goldstein had a conversation with Ashworth where Ashworth specifically asked whether

28   it was Goetz that had said that Challas was talking about the June 16, 2002 incident. Although

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

4

MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING

1  Goldstein told Ashworth that he could not respond, Goldstein believes the conversation demonstrates
2  that Challas knew that Goetz was the source of the information. Goldstein recalls that he surprised that
3  Ashworth named Goetz because Riley had instructed Goldstein to take care not to reveal Goetz as the
4  source of the information. Goldstein assumed that Ashworth must have learned Goetz's identity directly
5  from Challas.

6      Goldstein further stated that RC&R's March 2006 answers to 4920's interrogatories should have
7  put Challas on notice that Goetz was the source of the allegations that Challas had taken documents from
8  RC&R. The responses identified Mr. and Mrs. Goetz as individuals who might have knowledge of the
9  June 16, 2002 incident, and their names should have stood out because they were the only individuals
10  identified that were not related to RC&R, 4920 or the local authorities. Then, sometime in June 2006,
11  RC&R responded to additional special interrogatories that 4920 had propounded. Goldstein recalls that
12  those interrogatories referred more explicitly to Goetz as the source of the allegations regarding Challas
13  and the June 16, 2002 incident. The actual responses, however, were not offered into evidence, and it
14  is not known whether those responses were served before confirmation on June 6, 2006.

15                                    **DISCUSSION**

16      Under § 1141(d), confirmation of a chapter 11 plan discharges the debtor from any debt or claim
17  that arose before the date of confirmation. The Ninth Circuit uses the "fair contemplation" test to
18  determine when a claim arises. *See In re Cool Fuel, Inc.*, 210 F.3d 999 (9th Cir. 2000)(tax claims);
19  *Corman v. Morgan (In re Morgan)*, 197 B.R. 892 (N.D. Cal. 19960(fraud prevention), *aff'd*, 131 F.3d
20  147 (9th Cir. 1997); *In re Jensen*, 995 F.2d 925 (9th Cir. 1993)(environmental clean-up under CERCLA).
21  Under this test, the court must consider whether Challas had a fair basis for contemplating that he might
22  have a claim against the debtor prior to the confirmation of the debtor's plan. *Morgan*, 197 B.R. at 899.
23  If yes, the claim is discharged by the confirmation, but if not, the claim is not discharged.

24      Consistent with the goal of providing debtors with a fresh start, the Bankruptcy Code broadly
25  defines the term "claim"to include any right to payment from the debtor, regardless of whether that right
26  is liquidated, contingent, matured or disputed.. *See* 11 U.S.C. § 101(5). Thus, a claim can arise before
27  actual injury occurs or before all the jurisdictional prerequisites to bringing the claim are satisfied.
28  Nevertheless, in choosing the fair contemplation test, the Ninth Circuit rejected the notion that claims

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

5

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

1   can be discharged before a creditor knows or should know that it has rights against the debtor. *Jensen*,

2   995 F.2d at 931-32; *In re Conseco Life Insurance Co. Cost of Insur. Litigation*, 2005 WL 2203150, at

3   *8 (N.D. Cal. Apr. 13, 2005). As a result, a claim will not be discharged unless, prior to confirmation,

4   the creditor had real or constructive notice of all the facts needed to reasonably anticipate a potential

5   claim against the debtor.

6        Here, Challas testified that he had no reason to believe Goetz had slandered him until he heard

7   Riley's deposition testimony in July 2006, about six weeks after Goetz's plan of reorganization was

8   confirmed. To counter this prima facie showing, Goetz must demonstrate that the existence of facts and

9   circumstances from which Challas should have fairly contemplated that he had a potential slander claim

10  against Goetz prior to June 6, 2006.

11

12  **I.    The Allegations of RC&R's 2003 Complaint Were Insufficient to Make Challas Fairly**
        **Contemplate a Slander Action Against Goetz.**

13

14       Although Challas was named as a defendant in the RC&R action, the allegations that Challas

15  conspired with other individuals to break into the law firm and remove documents were all on

16  "information and belief." Further, the complaint contained no facts establishing the basis of that

17  information and belief. As a result, there was nothing in RC&R's complaint to suggest that Goetz might

18  have been the source of any allegations, much less that he had allegedly slandered Goetz by telling other

19  people that Challas had admitted that he was involved in the break-in. Significantly, Goldstein testified

20  to the contrary. From the outset, he had been specifically instructed to protect Goetz's identity from

21  discovery. Thus, it appears that the complaint was carefully drafted to avoid identifying Goetz. Finally,

22  with discovery stayed, Challas was denied all opportunity to investigate the source of the allegations until

23  the stay was lifted. Under these facts, it cannot be said that the mere existence of RC&R's lawsuit

24  reasonably put Challas on notice of a slander action against Goetz.

25

26  **II.   The March 2006 Responses to Interrogatories Were Not Sufficient to Cause Challas to**
        **Fairly Contemplate a Slander Action Against Goetz.**

27       As noted above, from the beginning of the RC&R action, Goldstein was operating under

28  instructions to avoid revealing Goetz's identity. His effort to comply with his client's instructions is

6

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  evident from his carefully crafted response to 4920's first set of interrogatories. He avoided identifying

2  Goetz as someone who had heard statements from any other person who had been at the scene of the June

3  16, 2002 incident. Rather, he more ambiguously identified Mr. and Mrs. Goetz, together, as people that

4  might have some knowledge of the June 16, 2002 incident. This response certainly creates no specific

5  impression that Goetz had been spreading slanderous statements about Challas.

6       Additionally, the court is not persuaded that the inclusion of Mr. and Mrs. Goetz's names should

7  have stood out to Challas and, as a result, put him on notice to inquire further. First, there is no evidence

8  that Challas himself ever saw the discovery responses. After receiving RC&R's complaint, Challas hired

9  attorneys and left the handling of the RC&R action in his attorneys hands. Challas testified that he had

10  no idea what his attorney sent out as discovery, and he has no recollection of any particular conversation

11  with his counsel regarding discovery. Challas does not recall going over RC&R's interrogatory response

12  that identifies Goetz as a person that might have knowledge, and he had no conversations with his

13  attorney regarding any specific person as the perpetrator of the allegations surrounding the June 16, 2002

14  incident. There is also no reason to believe that including both Mr. and Mrs. Goetz in the interrogatory

15  responses would have stood out to Challas'attorneys. Ashworth testified that he believed he had heard

16  of Goetz because Goetz had some kind of management role related to 4920. This suggests that Ashworth

17  would not have considered the inclusion of the Goetz name as unusual. Further, there is no evidence

18  indicating that Margaret Schneck, who replaced Ashworth as Challas' counsel, would have identified the

19  Goetz name as unusual.

20

21  **III.    Goetz's Testimony That Challas Discussed the June 16, 2002 Incident With Goetz Is Not
Credible.**

22

23       At trial, Goetz asserted for the first time that Challas should have fairly contemplated a potential

slander action against Goetz as early as June 2002 when Challas allegedly told Goetz that he had

24

removed and altered documents located in RC&R's office suite. Goetz reasons that once Challas

25

revealed such stunning information, Challas should have fairly contemplated that Goetz would repeat the

26

information to others. Because truth is a defense to slander, the court expects that whether or not Challas

27

actually made admissions to Goetz will be hotly disputed at any trial on the merits of this slander action.

28

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1   However, in determining whether the matter can proceed to trial, the court concludes that it is enough
2   that Goetz's credibility regarding the alleged admissions is highly doubtful.  Near the time of the June
3   2002 incident, Goetz was questioned by the local police investigating the incident.  The police
4   specifically asked Goetz if Challas had told Goetz that Challas was involved in the break-in, but Goetz
5   denied that any such conversation with Challas had ever taken place.  Goetz contends that he lied to the
6   police but now has testified truthfully about his conversation with Challas on the witness stand.  The
7   court does not know yet whether Goetz lied to the police or lied in court, but Goetz's willingness to lie
8   to authorities has substantially damaged his credibility.  It is also significant that questions regarding
9   Goetz's honesty stretch beyond this adversary proceeding.  The precipitating event for the Goetz's
10  chapter 11 case was the entry of a judgment for fraud and breach of fiduciary duty against Goetz in the
11  lawsuit filed by other members of his family.  Finally, it is questionable that, in June 2002, Challas would
12  have trusted Goetz enough to make the alleged admissions to him.  By that time, the friendship between
13  Goetz and Challas was ending, and Challas had agreed to be a witness against Goetz in the fraud action
14  against Goetz.

15      In light of all of these factors, the court concludes that evidence offered to date is too doubtful
16  to overcome Challas' denial that the conversation with Goetz ever took place and his affirmative
17  testimony that he first learned of Goetz's slanderous statements in July 2006.  As a result, the record does
18  not adequately demonstrate that Challas fairly contemplated the potential for a slander action against
19  Goetz prior to the June 2006 confirmation of Goetz's plan of reorganization.  What additional evidence
20  can be offered at a trial on the merits remains to be seen.

21

22                                    **CONCLUSION**

23      Based on the foregoing, the court concludes that the cause of action for slander alleged in the
24  adversary complaint was not within Challas' fair contemplation at the time the plan of reorganization was
25  confirmed.  As a result, the cause of action was not discharged upon confirmation.

26      Good cause appearing, IT IS SO ORDERED.

27

28                              **** END OF ORDER ****

                                          8

MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Adv. P. 06-5197

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### <u>SERVICE LIST</u>

George P. Eshoo, Esq.
LAW OFFICES OF GEORGE P. ESHOO & ASSOC.
702 Marshall Street, Suite 500
Redwood City, CA 94063

Stanley A. Zlotoff
LAW OFFICES OF STANLEY A. ZLOTOFF
300 South First Street, Suite 215
San Jose, CA 95113

Mark E. Ellis
Wendy D. Vierra
Daniel D. McGee
ELLIS, COLEMAN, POIRER, LAVOIE, &
STEINHEIMER LLP
555 University Avenue, Suite 200East
Sacramento, CA 95825

9

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

1 | Stephen Goetz
13725 Robleda Road
2 | Los Altos, CA  94022
Telephone: (650) 941-6000
3 | In Pro Per

4

5

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

6

CV 07    6364

7

8 | In re: Stephen J.R. Goetz  ) Chapter 11

RMW

And Diana Goetz,            )
9 |                          ) Case No.: 05-57623 MM
                Debtors.    )
10 | _____/
                            )
11 | John Challas,           )
                            ) Adv. Pro. No:06-5197
12 |           Plaintiff,    )
                            )
13 | Vs.                     )
                            )
14 |    Steven Goetz, et.al.,)
                            )
15 |         Defendants.  /

16

STATEMENT OF ISSUES AND DESIGNATION OF THE RECORD

17

Debtor-Defendant and Appellant Stephen Goetz hereby

18

submits his Statement of Issues and Designation of the Record

19

on Appeal.

20

STATEMENT OF ISSUES

21

Did the Court misinterpret or misapply the "fair

22

contemplation" test?

23

Did the Court use an incorrect legal standard with respect

24

to ruling on cross motions for summary judgment?

25

DESIGNATION OF THE RECORD

The record on this appeal consists of:

- 1 -

| Item NO. | Description | Date Filed | Dkt. NO. |
|----------|-------------|------------|----------|
| 1 | Docket Sheet | n/a | n/a |
| 2 | Notice of Removal | 11/2/2006 | 1 |
| 3 | Motion to Dismiss | 11/22/2006 | 3 |
| 4 | Notice of Hearing | 12/11/2006 | 4 |
| 5 | Response | 2/2/2007 | 8 |
| 6 | Reply including | | |
| | Attached Declaration | 3/1/2007 | 9 |
| 7 | Objections | 3/30/2007 | 10 |
| 8 | Declaration | 3/30/2007 | 11 |
| 9 | Declaration | 4/4/2007 | 12 |
| 10 | Transcript | 5/15/2007 | 14 |
| 11 | Request to Take Judicial | | |
| | Notice | 7/13/2007 | 18 |
| 12 | Additional Request | 7/13/2007 | 19 |
| 13 | Chronology | 7/13/2007 | 20 |
| 14 | Transcript | 10/3/2007 | 21 |
| 15 | Memorandum Decision | 10/19/2007 | 22 |
| 16 | Trial Exhibits 1-4 | n/a | n/a |
| 17 | Notice of Appeal | 11/2/2007 | 24 |

Dated:  11/1/2007

/s/Stepehn Goetz

- 2

1  Stanley A. Zlotoff, State Bar No. 073283
   Attorney at Law
2  300 S. First St. Suite 215
   San Jose, CA  95113
3  Telephone (408) 287-1313
   Facsimile (408) 287-7645
4
   Attorney for Debtor
5

6              **UNITED STATES BANKRUPTCY COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
7

8

9  In re: Stephen J.R. Goetz    ) Chapter 11
                                 )
10 And Diana Goetz,             )
                                 ) Case No.: 05-57623 MM
11              Debtors.        )
   _____ /
12                              )
   John Challas,               )
13                              ) Adv. Pro. No: 06-5197
                 Plaintiff,    )
14                              )
   Vs.                         )
15                              )
       Steven Goetz, et.al.,   )
16                              )
17               Defendants. /
   _____

18           **CERTIFICATE OF SERVICE BY U.S. MAIL**

19

20     I declare that I am employed in the county of Santa Clara,

21 California; I am over the age of eighteen years and not a party

22 to the within action; my business address is 300 S. First St,

23 Suite 215, San Jose, California 95113.

24     On November 1, 2007, I served by  U.S. Mail the foregoing:

25

       **Notice of Appeal and Statement of Issues and Designation**
                      **of the Record**

                          - 1

Exhibits, APPEAL

# U.S. Bankruptcy Court
## Northern District of California (San Jose)
### Adversary Proceeding #: 06-05197

*Assigned to:* Judge Marilyn Morgan    *Date Filed:* 11/02/06
*Related BK Case:* 05-57623
*Related BK Title:* Stephen John Robert Goetz and Diana
Patricia Goetz
*Related BK Chapter:* 11
*Demand:*
*Nature[s] of*    01 Determination of removed claim or
*Suit:*        cause

CV 07    6364

RMW

**Plaintiff**
------------------------

**John Challas**              represented by **Daniel D. McGee**
190 Mt. Hamilton                    Ellis, Coleman, Poirier and La Voie
Los Altos, CA 94022             555 University Ave. #200 E
( )                                     Sacramento, CA 95825
SSN: xxx-xx-7924                   (916) 283-8820
                                             *LEAD ATTORNEY*

                                             **George P. Eshoo**
                                             Law Offices of Eshoo and Assoc.
                                             702 Marshall St. #500
                                             Redwood City, CA 94063
                                             (650) 364-7030
                                             *LEAD ATTORNEY*

                                             **Mark E. Ellis**
                                             Ellis, Coleman, Poirier and La Voie
                                             555 University Ave. # 200 E
                                             Sacramento, CA 95825
                                             (916) 283-8820
                                             *LEAD ATTORNEY*

                                             **Stanley A. Zlotoff**
                                             Law Offices of Stanley A. Zlotoff
                                             300 S 1st St. #215
                                             San Jose, CA 95113
                                             (408) 287-1313
                                             Email: zlotofflaw@aol.com

                                             **Wendy D. Vierra**
                                             Ellis, Coleman, Poirier and La Voie
                                             555 University Ave. #200 E
                                             Sacramento, CA 95825

(916) 283-8820
*LEAD ATTORNEY*

V.

**Defendant**

------------------------

**Steven Goetz**
13725 Robleda Rd.
Los Altos, CA 94022

represented by **Stanley A. Zlotoff**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 11/02/2006 | ●1 | Adversary case 06-05197. 01 (Determination of removed claim or cause). Notice of Removal by John D. Challas . Fee Amount $250 . (tp, ) (Entered: 11/02/2006) |
| 11/02/2006 | | Receipt of Adversary Filing Fee. Amount 250.00 from Stephen Goetz. Receipt Number 50064859. (tp) (Entered: 11/02/2006) |
| 11/06/2006 | ●2 | Order for Telephonic Status Conference with Certificate of Service. . Status Conference to be held on 2/6/2007 at 10:30 AM at SanJose Courtroom 3070 - Morgan. (cvc, ) (Entered: 11/06/2006) |
| 11/22/2006 | ●3 | Motion to Dismiss Adversary Proceeding Filed by Plaintiff John D. Challas. (Attachments: # 1 Memorandum of Points and Authorities) (Zlotoff, Stanley) (Entered: 11/22/2006) |
| 12/11/2006 | ●4 | Notice of Hearing (RE: related document(s)3 Motion to Dismiss Adversary Proceeding filed by Plaintiff John D. Challas). Hearing scheduled for 1/12/2007 at 11:00 AM at SanJose Courtroom 3070 - Morgan. Filed by Defendant Steven Goetz. (Attachments: # 1 Certificate of Service) (Zlotoff, Stanley) (Entered: 12/11/2006) |
| 01/04/2007 | ●5 | Notice of Continued Hearing (RE: related document(s)3 Motion to Dismiss Adversary Proceeding filed by Plaintiff John D. Challas). Hearing to be held on 2/9/2007 at 11:00 AM SanJose Courtroom 3070 - Morgan for 3, Filed by Defendant Steven Goetz. (Attachments: # 1 Certificate of Service) (Zlotoff, Stanley) (Entered: 01/04/2007) |
| 01/24/2007 | ●6 | Notice of Continued Hearing (RE: related document(s)3 Motion to Dismiss Adversary Proceeding filed by Plaintiff John D. Challas). Hearing to be held on 3/9/2007 at 11:00 AM SanJose Courtroom 3070 - Morgan for 3, Filed by Defendant Steven Goetz. (Attachments: # 1 Certificate of Service) (Zlotoff, Stanley) (Entered: 01/24/2007) |

| 02/02/2007 | ●7 | Case Management Conference Statement . (RE: related document(s)2 Order for Telephonic Status Conference). Filed by Defendant Steven Goetz (Attachments: # 1 Certificate of Service) (Zlotoff, Stanley) (Entered: 02/02/2007) |
|---|---|---|
| 02/02/2007 | ●8 | Response to (RE: related document(s)3 Motion to Dismiss Adversary Proceeding). Filed by Plaintiff John D. Challas w/cos. (be, ) (Entered: 02/05/2007) |
| 02/06/2007 | ● | Hearing Continued (RE: related document(s)2 Order for Telephonic Status Conference with Certificate of Service. . Status Conference to be held on 4/10/2007 at 10:30 AM SanJose Courtroom 3070 - Morgan for 2. (mem, ) (Entered: 02/06/2007) |
| 03/01/2007 | ●9 | Reply to (RE: related document(s)3 Motion to Dismiss Adversary Proceeding). Filed by Defendant Steven Goetz (Attachments: # 1 Declaration of Samuel E. Goldstein# 2 Certificate of Service) (Zlotoff, Stanley) (Entered: 03/01/2007) |
| 03/09/2007 | ● | Hearing Continued (RE: related document(s)3 Motion to Dismiss Adversary Proceeding Filed by Plaintiff John D. Challas. (Zlotoff, Stanley)). Hearing to be held on 4/9/2007 at 11:00 AM SanJose Courtroom 3070 - Morgan for 3. Telephonic CMC now set for 4/10/07 at 10:30 a.m. is continued to 6/12/07 at 10:30 a.m. (mem, ) (Entered: 03/09/2007) |
| 03/09/2007 | ● | Hearing Continued (RE: related document(s)2 Order for Telephonic Status Conference with Certificate of Service. Status Conference to be held on 6/12/2007 at 10:30 AM SanJose Courtroom 3070 - Morgan for 2, (mem, ) (Entered: 03/09/2007) |
| 03/30/2007 | ●10 | Objections to Evidence Filed by Plaintiff John Challas w/cos (be, ) (Entered: 04/02/2007) |
| 03/30/2007 | ●11 | Declaration of Christopher Ashworth in Opposition of (RE: related document(s)3 Motion to Dismiss Adversary Proceeding). Filed by Plaintiff John Challas w/cos (be, ) (Entered: 04/02/2007) |
| 04/04/2007 | ●12 | Declaration of John Challas in Opposition to Motion to Dismiss by Defendant Steven Goetz (NOT FILED) Filed by Plaintiff John Challas (be, ) (Entered: 04/05/2007) |
| 04/09/2007 | ●13 | Hearing Held (RE: related document(s)3 Motion to Dismiss Adversary Proceeding Filed by Plaintiff John D. Challas. (Attachments: # (1) Memorandum of Points and Authorities) (Zlotoff, Stanley)). Motion to dismiss to be treated as a Motion for Summary Judgment. To be set for an |

| | | |
|---|---|---|
| | | evidentiary hearing, time estimate 2 hrs. Issue: fair contemplation test. Counsel to contact their witnesses. Contact the Courtroom Deputy to schedule a hearing date. (mem, ) (Entered: 05/11/2007) |
| 05/15/2007 | ●14 | Transcript, Date of Hearing: April 9, 2007 *defendant's motion*. (Palmer, Susan) (Entered: 05/15/2007) |
| 06/12/2007 | ● | Hearing Continued (RE: related document(s)2 Order for Telephonic Status Conference with Certificate of Service. Status Conference to be held on 8/7/2007 at 10:30 AM SanJose Courtroom 3070 - Morgan for 2. (mem, ) (Entered: 06/14/2007) |
| 06/29/2007 | ● | Evidentiary Hearing Set On (RE: related document(s)3 Motion to Dismiss Adversary Proceeding filed by Plaintiff John Challas). Hearing scheduled for 7/13/2007 at 01:30 PM at SanJose Courtroom 3070 - Morgan. (time estimate - 2 hrs) (mem, ) (Entered: 06/29/2007) |
| 06/29/2007 | ●15 | Notice of Hearing (RE: related document(s)3 Motion to Dismiss Adversary Proceeding filed by Defendant Steven Goetz). Hearing scheduled for 7/13/2007 at 01:30 PM at SanJose Courtroom 3070 - Morgan. Filed by Plaintiff John Challas . (be, ) (Entered: 06/29/2007) |
| 07/02/2007 | ●17 | Document: Association of Counsel. Filed by Plaintiff John Challas. (er, ) (Entered: 07/09/2007) |
| 07/05/2007 | ●16 | Document: Association of Counsel . Filed by Plaintiff John Challas , Wendy Vierra, Daniel D. McGee (aw, ) (Entered: 07/06/2007) |
| 07/13/2007 | ●18 | Request To Take Judicial Notice . Filed by Plaintiff John Challas (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6) (be, ) (Entered: 07/16/2007) |
| 07/13/2007 | ●19 | Additional Request To Take Judicial Notice. Filed by Plaintiff John Challas (Attachments: # 1 Exhibit 7# 2 Exhibit 8) (be, ) Modified on 7/16/2007 COURT ADDED DOCKET TEXT TO MATCH PDF OF DOCUMENT. (be, ). (Entered: 07/16/2007) |
| 07/13/2007 | ●20 | Chronology. Filed by Plaintiff John Challas (be, ) (Entered: 07/16/2007) |
| 07/13/2007 | ● | Evidentiary Hearing Held (RE: related document(s)3 Motion to Dismiss Adversary Proceeding Filed by Plaintiff John D. Challas. (Zlotoff, Stanley)). Testimony and evidence presented, trial is concluded. Matter is under submission. (mem, ) (Entered: 07/24/2007) |
| 08/07/2007 | ● | Hearing Continued Prior to Hearing by the Court (RE: related document(s)2 Order for Telephonic Status Conference). Status Conference |

| | | to be held on 11/6/2007 at 10:30 AM SanJose Courtroom 3070 - Morgan for 2 (mem, ) (Entered: 10/31/2007) |
|---|---|---|
| 10/03/2007 | ●21 | Transcript, Date of Hearing: July 13, 2007 *evidentiary hearing on motion to dismiss adversary proceeding*. (Palmer, Susan) (Entered: 10/03/2007) |
| 10/19/2007 | ●22 | Memorandum Decision Following Evidentiary Hearing (RE: related document(s)1 Notice of Removal filed by Plaintiff John Challas). (be, ) (Entered: 10/22/2007) |
| 10/24/2007 | ●23 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)22 Memorandum Decision). Service Date 10/24/2007. (Admin.) (Entered: 10/24/2007) |
| 11/01/2007 | ●24 | Notice of Appeal to BAP , Fee Amount $ 255.. Appellant Designation due by 11/13/2007. Transmission to BAP due by 11/5/2007. Filed by Defendant Steven Goetz (Zlotoff, Stanley) (Entered: 11/01/2007) |
| 11/01/2007 | ●25 | Appellant Designation of Contents For Inclusion in Record On Appeal (RE: related document(s)24 Notice of Appeal filed by Defendant Steven Goetz). Appellee designation due by 11/13/2007. (Attachments: # 1 Certificate of Service) Filed by Defendant Steven Goetz (Zlotoff, Stanley) Modified on 11/2/2007 ERROR: ADDITIONAL DOCKET EVENT SHOULD HAVE BEEN SELECTED. (be, ). (Entered: 11/01/2007) |
| 11/01/2007 | | Receipt of filing fee for Notice of Appeal(06-05197) [appeal,ntcapl] ( 255.00). Receipt number 4787033, amount $ 255.00 (U.S. Treasury) (Entered: 11/01/2007) |
| 11/02/2007 | ●26 | Case Management Conference Statement (RE: related document(s)2 Order for Telephonic Status Conference). Filed by Defendant Steven Goetz (Attachments: # 1 Certificate of Service) (Zlotoff, Stanley) Modified on 11/5/2007 CORRECTIVE ENTRY: COURT ADDED LINK TO DOCUMENT #2.(be, ). (Entered: 11/02/2007) |