Mark E. Ellis # 127159
Daniel D. McGee # 218947
Darrell W. Spence # 248011
Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel. (916) 283-8820
Fax (916) 283-8821

George P. Eshoo - 39081
Law Offices of George P. Eshoo & Associates
702 Marshall Street, Suite 500
Redwood City, CA 94063
Tel: (650) 364-7030
Fax: (650) 364-3054

Attorneys for Appellee/Plaintiff JOHN CHALLAS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Stephen J.R. Goetz and Diana Goetz,<br><br>Debtors. | Chapter 11<br><br>Case No. C-07-06364 RMW<br><br>[Bankruptcy Case No. 05-57623 MM;<br>Adversary Proceeding No. 06-5197;<br>BAP No. NC-07-1418.] |
| John Challas,<br><br>     Plaintiff,<br><br>v.<br><br>Steven Goetz, and DOES 1 through 20, Inclusive,<br><br>     Defendants. | **DECLARATION OF DANIEL D. MCGEE IN SUPPORT OF APPELLEE/PLAINTIFF JOHN CHALLAS' MOTION TO DISMISS THE APPEAL BY APPELLANT/DEFENDANT STEPHEN GOETZ**<br><br>Date:  June 20, 2008<br>Time:  9:00 a.m.<br>Judge:  Hon. Ronald M. Whyte<br>Courtroom: 6, 4th Fl. |

I, Daniel D. McGee, declare:

    1.    I am an attorney licensed to practice law in the state of California and am admitted in this Court. I am also an associate of Ellis Coleman Poirier La Voie & Steinheimer, LLP, co-counsel of

- 1 -

1   record for Appellee/Plaintiff John Challas ("Mr. Challas") herein.  I am making this declaration in

2   support of Mr. Challas' motion to dismiss the appeal brought by Appellant/Defendant Stephen Goetz.

3   The matters stated herein are within my own personal knowledge, and if called to testify thereto, I

4   would competently do so.

5       2.    On October 19, 2007, and following a day-long evidentiary hearing which occurred on

6   July 13, 2007, the Bankruptcy Court for the Northern District of California, the Honorable Marilyn

7   Morgan presiding, signed an Order ruling that Mr. Challas' cause of action for slander against Goetz

8   was not within the parties' "fair contemplation" when Goetz filed for Chapter 11 bankruptcy, and

9   therefore not discharged upon confirmation of Goetz's bankruptcy reorganization plan.  Said Order

10  was entered on the Bankruptcy Court's docket on October 22, 2008.  A true and correct copy of said

11  order, of which this Court is requested to take judicial notice pursuant to **FRE, Rule 201**, is attached

12  hereto as **Exhibit 1**.

13      3.    On November 1, 2007, Goetz, who is proceeding in pro per, appealed the October 19,

14  2007 Order.   A true and correct copy of Goetz's notice of appeal, of which this Court is requested to

15  take judicial notice pursuant to **FRE, Rule 201**, is attached hereto as **Exhibit 2**.

16      4.    On November 1, 2007, Goetz, pursuant to **FRBP 8006**, also designated the entire

17  docket for the underlying adversary proceeding to be included in the record on appeal, including the

18  transcripts for hearings dated June 12 and July 13, 2007.  In so doing, Goetz, pursuant to **FRBP 8006**,

19  was required to immediately deliver to the reporter and file with the clerk a written request for the

20  transcripts and make satisfactory arrangements for payment of its costs.  Goetz failed to perform these

21  acts and has not taken any steps to cure the same.  A true and correct copy of Goetz's statement of

22  issues and designation of record, of which this Court is requested to take judicial notice pursuant to

23  **FRE, Rule 201**, is attached hereto as **Exhibit 3**.

24      5.    On November 6, 2007, the Bankruptcy Court referred Goetz's appeal to the Bankruptcy

25  Appellate Panel ("BAP").  A true and correct copy of said referral, of which this Court is requested to

26  take judicial notice pursuant to **FRE, Rule 201**, is attached hereto as **Exhibit 4**.  On November 13,

27  2007, the BAP transmitted to the parties its opening letter which indicated that Goetz had failed to

- 2 -

28

DECLARATION OF DANIEL D. MCGEE IN SUPPORT OF APPELLEE/PLAINTIFF JOHN CHALLAS' MOTION TO
DISMISS THE APPEAL BY APPELLANT/DEFENDANT STEPHEN GOETZ

1  transmit a copy of the order from which Goetz is appealing. A true and correct copy of the BAP's

2  opening letter, of which this Court is requested to take judicial notice pursuant to **FRE, Rule 201**, is

3  attached hereto as **Exhibit 5**.

4      6.      On November 26, 2007, Mr. Challas filed an objection to Goetz's appeal being heard

5  and determined by the BAP. A true and correct copy of Mr. Challas' objection, of which this Court is

6  requested to take judicial notice pursuant to **FRE, Rule 201**, is attached hereto as **Exhibit 6**. The

7  appeal was thereafter transferred to this Court and assigned to the Honorable Ronald M. Whyte.

8      7.      On December 17, 2007, this Court set this appeal for an April 18, 2008 status

9  conference pending the parties' perfection of the record on appeal. Upon the filing of the record on

10  appeal, this Court was to vacate the April 18, 2008 status conference at which time a briefing schedule

11  would issue. A true and correct copy of this Court's notice of setting of status conference, of which

12  this Court is requested to take judicial notice pursuant to **FRE, Rule 201**, is attached hereto as **Exhibit**

13  **7**.

14      8.      On January 10, 2008, Mr. Challas filed a case management conference ("CMC")

15  statement in the Bankruptcy Court in connection with a CMC which was set to occur on January 15,

16  2008. Mr. Challas' CMC statement recited the aforementioned facts, including that Goetz had failed to

17  comply with **FRBP 8006** or to otherwise perfect his appeal rendering his appeal subject to dismissal.

18  Mr. Challas also indicated that this Court had set the appeal for an April 18, 2008 status conference. A

19  true and correct copy of Mr. Challas' January 10, 2008 CMC statement, of which this Court is

20  requested to take judicial notice pursuant to **FRE, Rule 201**, is attached hereto as **Exhibit 8**.

21      9.      Goetz failed to file any CMC statement in connection with the January 15, 2008 CMC.

22  Ultimately, Judge Morgan continued the Bankruptcy Court's CMC until December 9, 2008 pending

23  the outcome of Goetz's appeal before this Court.

24      10.     On April 3, 2008, Mr. Challas filed his status conference statement in connection with

25  this Court's April 18, 2008 status conference. That status conference statement again indicated that

26  Goetz had failed to perfect his appeal, and that dismissal of Goetz's appeal was warranted. Goetz did

27  not file any status conference statement in connection with the April 18, 2008 status conference. A

28  

- 3 -

DECLARATION OF DANIEL D. MCGEE IN SUPPORT OF APPELLEE/PLAINTIFF JOHN CHALLAS' MOTION TO
DISMISS THE APPEAL BY APPELLANT/DEFENDANT STEPHEN GOETZ

1  true and correct copy of Mr. Challas' April 3, 2008 status conference statement, of which this Court is

2  requested to take judicial notice pursuant to **FRE, Rule 201**, is attached hereto as **Exhibit 9**.

3        11.     On April 18, 2008, Mr. Challas' attorneys appeared before this Court at the April 18,

4  2008 status conference.  Once again, Goetz failed to appear at the April 18, 2008 status conference.

5  Given these circumstances, including Goetz's failure to perfect his appeal, Mr. Challas' attorneys

6  advised this Court that they would be bringing the instant motion to dismiss, which this Court

7  recognized.  A true and correct copy of this Court's civil minutes dated April 18, 2008, of which this

8  Court is requested to take judicial notice pursuant to **FRE, Rule 201**, is attached hereto as **Exhibit 10**.

9        12.     Mr. Challas is concerned that Goetz may be secreting assets during this period of

10  avoidance and delay.   These concerns are not unfounded.  Even Goetz's own family successfully sued

11  Goetz in state court for the fraud Goetz had allegedly perpetrated against his own parents as evidenced

12  by the complaint for determination of dischargeability of debt, which the trustees of the Goetz

13  Revocable Trust brought against Goetz in the Bankruptcy Court.  A true and correct copy of said

14  complaint, of which this Court is requested to take judicial notice pursuant to **FRE, Rule 201**, is

15  attached hereto as **Exhibit 11**.

16

17       I declare under the penalty of perjury under the laws of the state of California that the foregoing

18  is true and correct and that this declaration was executed on May 13, 2008, in Sacramento, California.

19

20                             _____

21                          DANIEL D. MCGEE

22

23

24

25

26

27

28

-4-

1

**CERTIFICATE OF SERVICE**

2

     I, Nichole M. Pruitt, declare:

3

     I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East,

5

Sacramento, CA 95825.

6

     On May 13, 2008, I served the following document(s) on the parties in the within action:

7

**DECLARATION OF DANIEL D. MCGEE IN SUPPORT OF APPELLEE/PLAINTIFF JOHN
CHALLAS' MOTION TO DISMISS THE APPEAL BY APPELLANT/DEFENDANT
STEPHEN GOETZ**

8

9

| X | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |
|---|---|
| **X** | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

10

11

12

13

14

Stephen Goetz                        Debtor In Pro Per
13725 Robleda Road

15

Los Altos, CA 94022
**(Via Overnight Service)**

16

George P. Eshoo, Esq.                Co-Counsel for John Challas
Law Offices of George P. Eshoo et al.

17

702 Marshall Street, Suite 500
Redwood City, CA 94063

18

**(Via Electronic Service)**

19

20

     I declare under penalty of perjury under the laws of the State of California that the foregoing is

21

a true and correct statement and that this Certificate was executed on May 13, 2008.

22

23

                          By _Nichole M. Pruitt_

24

                               Nichole M. Pruitt

25

26

27

28

- 5 -

DECLARATION OF DANIEL D. MCGEE IN SUPPORT OF APPELLEE/PLAINTIFF JOHN CHALLAS' MOTION TO
DISMISS THE APPEAL BY APPELLANT/DEFENDANT STEPHEN GOETZ

# EXHIBIT 1

Entered on Docket
October 22, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**NOT INTENDED FOR PUBLICATION**

The following constitutes
the order of the court. Signed October 19, 2007

Marilyn Morgan
**Marilyn Morgan**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re STEPHEN J.R. GOETZ and DIANA GOETZ,

    Debtors.

Case No. 05-57623-MM

Chapter 11

JOHN CHALLAS,

    Plaintiff,

vs.

STEVEN GOETZ and Does 1 through 20 inclusive,

    Defendants.

Adversary No. 06-5197

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

## INTRODUCTION

John Challas alleges that the debtor, Stephen Goetz, slanderously told other people that Challas had admitted to a variety of criminal conduct, including breaking and entering, burglary and theft. Goetz moved to dismiss the complaint asserting that Challas knew or should have known of any claim for slander prior to the confirmation of Goetz's plan of reorganization, and as a result, the claim was discharged when Goetz's plan of reorganization was confirmed. Because the parties' motion papers relied on declarations and other evidence, the court treated the motion as a motion for summary judgment. After two contradictory affidavits created a clear question of fact, the parties agreed to hold

1
MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1    an evidentiary hearing solely with respect to the potentially dispositive issue of when the cause of action

2    for slander against Goetz was first within Challas' fair contemplation.  Based on the evidence adduced

3    and the arguments of counsel, and for the reasons explained, the court concludes that the cause of action

4    alleged in the adversary complaint was not within Challas' fair contemplation at the time that Goetz's

5    plan of reorganization was confirmed and, therefore, was not discharged.

6

7                                        <u>FACTS</u>

8            Challas and Goetz are long-time acquaintances as a result of commercial real estate activities

9    in Los Altos, California.  Jane Challas, John's wife, is a shareholder of 4920 Corporation ("4920"), a

10   company that owns a building located at 4920 El Camino Real in Los Altos.  From time to time, Challas

11   has been an agent for the property.  The Goetz family, and later Goetz himself, owned a nearby building

12   located at 4906 El Camino Real.  The business connection between Challas and Goetz developed into

13   something of a friendship among the two men and their wives.  However, Challas testified that the

14   relationship deteriorated significantly when Challas agreed to serve as a witness against Goetz in a 2001

15   state court action.  In that action, members of the Goetz Family Trust accused Goetz of fraud and other

16   breaches of fiduciary duty arising out of Goetz's purchase of the 4906 building from his father, shortly

17   before his father's death.  Challas indicated that the friendship ended in 2002 when Goetz sent Challas

18   an email concerning Challas' use of Goetz's Chevy Suburban.  The details surrounding the email were

19   not offered into evidence.

20           Beginning in 2000, a law firm known as Reynolds, Casas & Riley, LLP became a tenant at 4920,

21   El Camino Real, and Challas hired Goetz's wife, Diana, to decorate the firm's suite.  The landlord-

22   tenant relationship, however, was contentious.  By May 2003, 4920 had initiated a state court unlawful

23   detainer action to evict RC&R from the premises.  A few months later, in August 2003, RC&R filed a

24   separate state court action against 4920 asserting various tort and breach of contract claims ("RC&R

25   action").  The RC&R complaint alleges, in part, that Challas, along with several other defendants,

26   conspired to and did enter RC&R's office suite on June 16, 2002 with a hidden purpose of stealing

27   RC&R's copy of its office lease, altering the copy to reflect higher rates of rent than RC&R had agreed

28   to pay, and destroying the original lease.  The complaint further alleges that 4920's unlawful detainer

                                                  2

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1   action was premised on the wrongfully altered lease.  The allegations regarding Challas and the

2   alteration of the lease are on information and belief.  The attorney who drafted the complaint, Samuel

3   Goldstein, testified that before the complaint was filed, Sheila Riley, a principal of RC&R, had advised

4   him that, nearly a year earlier, she had had a conversation with Goetz in which Goetz told her that

5   Challas had bragged to Goetz about entering into the RC&R offices and removing documents.

6   Goldstein noted, however, that Riley had instructed him not to identify Goetz as the source of the

7   information.

8       Early in the RC&R action, the state court stayed discovery, and 4920 did not serve its first set

9   of interrogatories on RC&R until February 2006.  One of those interrogatories asked RC&R to identify

10  all individuals who: a) witnessed the alleged June 16, 2002 trespass into RC&R or the events occurring

11  immediately before or after the incident; b) made a statement at the scene of the alleged trespass into

12  RC&R; c) heard any statements made about the alleged trespass into RC&R by an individual at the

13  scene; and d) may have knowledge of the alleged trespass into RC&R.  Although RC&R was aware that

14  Goetz claimed to have heard statements about the incident from Challas, RC&R did not specifically

15  identify Goetz in response to subpart c) of the interrogatory.  Instead, RC&R stated that it lacked

16  sufficient information to respond.  However, in response to subpart d), RC&R included Goetz and his

17  wife in the middle of a list of approximately sixteen individuals or entities who might have knowledge

18  of the incident.

19      On June 6, 2006, this court entered an order confirming the Goetz' chapter 11 plan of

20  reorganization.  Goetz and his wife had filed a chapter 11 petition eight months earlier, in October 2005,

21  because the fraud and breach of fiduciary duty lawsuit filed by the Goetz Family Trust had resulted in

22  a judgment against Goetz.  The Goetz schedules listed Challas as a creditor holding an unsecured claim

23  of $75,000 related to "attorneys' fees."

24      Six weeks after confirmation, on July 26, 2006, Riley gave her deposition in the RC&R action.

25  Challas was present for her testimony.  Riley stated that back on August 22, 2002, she had telephoned

26  Diana Goetz, the decorator for the RC&R office space, because Riley had just received a letter from

27  4920 indicating the RC&R owed 4920 money for things that the firm never heard about.  Diana Goetz

28  asked her husand to come to the phone and, when he did, Goetz told Riley that Challas had bragged to

3

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1    Goetz about planning the June 16, 2002 incident at RC&R's office. Goetz told Riley that Challas was

2    an evil man and that Challas had said that while he was in the office, he had copied papers from

3    RC&R's lease file in order to "get" the law firm. Goetz stated that Challas had shown him some of the

4    copies, but Goetz told Riley that he would deny ever speaking with Challas because he and John "had

5    things on each other."

6        Both Challas and Chris Ashworth, an attorney that initially represented Challas in the both the

7    unlawful detainer and the RC&R actions, testified at trial that they first learned that Goetz was the

8    source of the information behind the trespass allegations in the RC&R action during or after Riley's

9    deposition. Shortly after the Riley deposition, Challas contacted George Eshoo, his counsel in this

10   adversary proceeding, and asked for legal assistance because Goetz was spreading lies about him. In

11   mid-October 2006, Challas filed a state court slander action against Goetz. That complaint was removed

12   to this court and serves as the basis of this adversary proceeding.

13       To counter Challas' evidence that he did not fairly contemplate a claim against Goetz until he

14   heard Riley's deposition testimony, Goetz offered his own testimony and that of RC&R's state court

15   attorney, Goldstein. Goetz testified that Challas often complained bitterly about RC&R's failure to pay

16   rent and how he wanted to get the firm out of the 4920 building. Then, a few days after June 16, 2002,

17   Goetz was sitting on his patio with his wife when Challas telephoned. When Goetz answered, Challas

18   bragged that he had "solved his problem" with RC&R. Challas told Goetz that he, Challas, had gone

19   into RC&R's office, removed some documents, and solved his problem. Challas denies that this

20   telephone conversation ever took place and denies that he ever removed any documents from RC&R's

21   office suite.

22       In addition to the filing of the complaint in the RC&R action, Goldstein testified that there were

23   several occasions prior to June 2006 when Challas either knew of or should have fairly contemplated

24   his slander action against Goetz. First, in July 2003, Goldstein deposed Challas as part of 4920's

25   unlawful detainer action. At that deposition, Goldstein asked Challas pointed questions about whether

26   Challas had ever told anyone that Challas had taken documents from RC&R's offices. Within the next

27   few weeks, Goldstein had a conversation with Ashworth where Ashworth specifically asked whether

28   it was Goetz that had said that Challas was talking about the June 16, 2002 incident. Although

---

4

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1 | Goldstein told Ashworth that he could not respond, Goldstein believes the conversation demonstrates

2 | that Challas knew that Goetz was the source of the information.  Goldstein recalls that he surprised that

3 | Ashworth named Goetz because Riley had instructed Goldstein to take care not to reveal Goetz as the

4 | source of the information.  Goldstein assumed that Ashworth must have learned Goetz's identity directly

5 | from Challas.

6 | Goldstein further stated that RC&R's March 2006 answers to 4920's interrogatories should have

7 | put Challas on notice that Goetz was the source of the allegations that Challas had taken documents from

8 | RC&R.  The responses identified Mr. and Mrs. Goetz as individuals who might have knowledge of the

9 | June 16, 2002 incident, and their names should have stood out because they were the only individuals

10 | identified that were not related to RC&R, 4920 or the local authorities.  Then, sometime in June 2006,

11 | RC&R responded to additional special interrogatories that 4920 had propounded.  Goldstein recalls that

12 | those interrogatories referred more explicitly to Goetz as the source of the allegations regarding Challas

13 | and the June 16, 2002 incident.  The actual responses, however, were not offered into evidence, and it

14 | is not known whether those responses were served before confirmation on June 6, 2006.

15 | **DISCUSSION**

16 | Under § 1141(d), confirmation of a chapter 11 plan discharges the debtor from any debt or claim

17 | that arose before the date of confirmation.  The Ninth Circuit uses the "fair contemplation" test to

18 | determine when a claim arises.  *See In re Cool Fuel, Inc.*, 210 F.3d 999 (9th Cir. 2000)(tax claims);

19 | *Corman v. Morgan (In re Morgan)*, 197 B.R. 892 (N.D. Cal. 19960(fraud prevention), *aff'd*, 131 F.3d

20 | 147 (9th Cir. 1997); *In re Jensen*, 995 F.2d 925 (9th Cir. 1993)(environmental clean-up under CERCLA).

21 | Under this test, the court must consider whether Challas had a fair basis for contemplating that he might

22 | have a claim against the debtor prior to the confirmation of the debtor's plan.  *Morgan*, 197 B.R. at 899.

23 | If yes, the claim is discharged by the confirmation, but if not, the claim is not discharged.

24 | Consistent with the goal of providing debtors with a fresh start, the Bankruptcy Code broadly

25 | defines the term "claim" to include any right to payment from the debtor, regardless of whether that right

26 | is liquidated, contingent, matured or disputed..  *See* 11 U.S.C. § 101(5).  Thus, a claim can arise before

27 | actual injury occurs or before all the jurisdictional prerequisites to bringing the claim are satisfied.

28 | Nevertheless, in choosing the fair contemplation test, the Ninth Circuit rejected the notion that claims

5

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

1   can be discharged before a creditor knows or should know that it has rights against the debtor. *Jensen*,

2   995 F.2d at 931-32; *In re Conseco Life Insurance Co. Cost of Insur. Litigation*, 2005 WL 2203150, at

3   *8 (N.D. Cal. Apr. 13, 2005). As a result, a claim will not be discharged unless, prior to confirmation,

4   the creditor had real or constructive notice of all the facts needed to reasonably anticipate a potential

5   claim against the debtor.

6       Here, Challas testified that he had no reason to believe Goetz had slandered him until he heard

7   Riley's deposition testimony in July 2006, about six weeks after Goetz's plan of reorganization was

8   confirmed. To counter this prima facie showing, Goetz must demonstrate that the existence of facts and

9   circumstances from which Challas should have fairly contemplated that he had a potential slander claim

10   against Goetz prior to June 6, 2006.

11

12   **I.    The Allegations of RC&R's 2003 Complaint Were Insufficient to Make Challas Fairly**

13       **Contemplate a Slander Action Against Goetz.**

14       Although Challas was named as a defendant in the RC&R action, the allegations that Challas

15   conspired with other individuals to break into the law firm and remove documents were all on

16   "information and belief." Further, the complaint contained no facts establishing the basis of that

17   information and belief. As a result, there was nothing in RC&R's complaint to suggest that Goetz might

18   have been the source of any allegations, much less that he had allegedly slandered Goetz by telling other

19   people that Challas had admitted that he was involved in the break-in. Significantly, Goldstein testified

20   to the contrary. From the outset, he had been specifically instructed to protect Goetz's identity from

21   discovery. Thus, it appears that the complaint was carefully drafted to avoid identifying Goetz. Finally,

22   with discovery stayed, Challas was denied all opportunity to investigate the source of the allegations until

23   the stay was lifted. Under these facts, it cannot be said that the mere existence of RC&R's lawsuit

24   reasonably put Challas on notice of a slander action against Goetz.

25

26   **II.   The March 2006 Responses to Interrogatories Were Not Sufficient to Cause Challas to**

27       **Fairly Contemplate a Slander Action Against Goetz.**

28       As noted above, from the beginning of the RC&R action, Goldstein was operating under

     instructions to avoid revealing Goetz's identity. His effort to comply with his client's instructions is

6

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

1  evident from his carefully crafted response to 4920's first set of interrogatories. He avoided identifying

2  Goetz as someone who had heard statements from any other person who had been at the scene of the June

3  16, 2002 incident. Rather, he more ambiguously identified Mr. and Mrs. Goetz, together, as people that

4  might have some knowledge of the June 16, 2002 incident. This response certainly creates no specific

5  impression that Goetz had been spreading slanderous statements about Challas.

6         Additionally, the court is not persuaded that the inclusion of Mr. and Mrs. Goetz's names should

7  have stood out to Challas and, as a result, put him on notice to inquire further. First, there is no evidence

8  that Challas himself ever saw the discovery responses. After receiving RC&R's complaint, Challas hired

9  attorneys and left the handling of the RC&R action in his attorneys hands. Challas testified that he had

10 no idea what his attorney sent out as discovery, and he has no recollection of any particular conversation

11 with his counsel regarding discovery. Challas does not recall going over RC&R's interrogatory response

12 that identifies Goetz as a person that might have knowledge, and he had no conversations with his

13 attorney regarding any specific person as the perpetrator of the allegations surrounding the June 16, 2002

14 incident. There is also no reason to believe that including both Mr. and Mrs. Goetz in the interrogatory

15 responses would have stood out to Challas'attorneys. Ashworth testified that he believed he had heard

16 of Goetz because Goetz had some kind of management role related to 4920. This suggests that Ashworth

17 would not have considered the inclusion of the Goetz name as unusual. Further, there is no evidence

18 indicating that Margaret Schneck, who replaced Ashworth as Challas' counsel, would have identified the

19 Goetz name as unusual.

20

21 **III.    <u>Goetz's Testimony That Challas Discussed the June 16, 2002 Incident With Goetz Is Not</u>**

22      **<u>Credible.</u>**

         At trial, Goetz asserted for the first time that Challas should have fairly contemplated a potential

23 slander action against Goetz as early as June 2002 when Challas allegedly told Goetz that he had

24 removed and altered documents located in RC&R's office suite. Goetz reasons that once Challas

25 revealed such stunning information, Challas should have fairly contemplated that Goetz would repeat the

26 information to others. Because truth is a defense to slander, the court expects that whether or not Challas

27 actually made admissions to Goetz will be hotly disputed at any trial on the merits of this slander action.

28

MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  However, in determining whether the matter can proceed to trial, the court concludes that it is enough

2  that Goetz's credibility regarding the alleged admissions is highly doubtful.  Near the time of the June

3  2002 incident, Goetz was questioned by the local police investigating the incident.  The police

4  specifically asked Goetz if Challas had told Goetz that Challas was involved in the break-in, but Goetz

5  denied that any such conversation with Challas had ever taken place.  Goetz contends that he lied to the

6  police but now has testified truthfully about his conversation with Challas on the witness stand.  The

7  court does not know yet whether Goetz lied to the police or lied in court, but Goetz's willingness to lie

8  to authorities has substantially damaged his credibility.  It is also significant that questions regarding

9  Goetz's honesty stretch beyond this adversary proceeding.  The precipitating event for the Goetz's

10  chapter 11 case was the entry of a judgment for fraud and breach of fiduciary duty against Goetz in the

11  lawsuit filed by other members of his family.  Finally, it is questionable that, in June 2002, Challas would

12  have trusted Goetz enough to make the alleged admissions to him.  By that time, the friendship between

13  Goetz and Challas was ending, and Challas had agreed to be a witness against Goetz in the fraud action

14  against Goetz.

15       In light of all of these factors, the court concludes that evidence offered to date is too doubtful

16  to overcome Challas' denial that the conversation with Goetz ever took place and his affirmative

17  testimony that he first learned of Goetz's slanderous statements in July 2006.  As a result, the record does

18  not adequately demonstrate that Challas fairly contemplated the potential for a slander action against

19  Goetz prior to the June 2006 confirmation of Goetz's plan of reorganization.  What additional evidence

20  can be offered at a trial on the merits remains to be seen.

21

22                    **CONCLUSION**

23       Based on the foregoing, the court concludes that the cause of action for slander alleged in the

24  adversary complaint was not within Challas' fair contemplation at the time the plan of reorganization was

25  confirmed.  As a result, the cause of action was not discharged upon confirmation.

26       Good cause appearing, IT IS SO ORDERED.

27

28                 **** END OF ORDER ****

8

MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING

Adv. P. 06-5197

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SERVICE LIST

George P. Eshoo, Esq.
LAW OFFICES OF GEORGE P. ESHOO & ASSOC.
702 Marshall Street, Suite 500
Redwood City, CA 94063

Stanley A. Zlotoff
LAW OFFICES OF STANLEY A. ZLOTOFF
300 South First Street, Suite 215
San Jose, CA 95113

Mark E. Ellis
Wendy D. Vierra
Daniel D. McGee
ELLIS, COLEMAN, POIRER, LaVOIE, &
STEINHEIMER LLP
555 University Avenue, Suite 200East
Sacramento, CA 95825

9

**MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

# EXHIBIT 2

1   Stephen Goetz
    13725 Robleda Road
2   Los Altos, CA  94022
    Telephone: (650) 941-6000
3   In Pro Per

4
                    **UNITED STATES BANKRUPTCY COURT**
5                   **NORTHERN DISTRICT OF CALIFORNIA**

6

7
    In re: Stephen J.R. Goetz    ) Chapter 11
8                                )
    And Diana Goetz,             )
9                                ) Case No.: 05-57623 MM
                    Debtors.     )
10  _____/
                                 )
11  John Challas,                )
                                 ) Adv. Pro. No:06-5197
12              Plaintiff,       )
                                 )
13  Vs.                          )
                                 )
14      Steven Goetz, et.al.,    )
                                 )
15                  Defendants.  /
    _____
16
                          NOTICE OF APPEAL
17
        Debtor-Defendant Stephen Goetz hereby appeals from the
18
    Order determining non-dischargeability of Plaintiff's cause of
19
    action for slander, which Order was entered on the Court's
20
    docket on October 22, 2007.
21
        The names of all parties to the Order and the names,
22
    addresses and telephone numbers of their respective attorneys
23
    are as follows:
24

25

                                - 1 -

1  Stephen Goetz
   13725 Robleda Rd.
2  Los Altos, CA  94022
   (650) 941-6000
3  Debtor-Defendant/Appellant    In Pro Per

4  John Challas
   Plaintiff/Appellee            George P. Eshoo, esq.
5                                Law Offices of Eshoo & Assoc.
                                 702 Marshall Street #500
6                                Redwood City, CA  94063
                                 (650) 364-7030
7
                                 Daniel D. McGee, esq.
8                                Mark E. Ellis
                                 Wendy D. Vierra, esq.
9                                Ellis, Coleman, Poirer & La Voie
                                 555 University Avenue #200 #
10                               Sacramento, CA  95825
                                 (916) 283-8820
11

12
   Dated:  November 1, 2007
13

14

15                                /s/Stephen Goetz

16

17

18

19

20

21

22

23

24

25

- 2

# EXHIBIT 3

Stephen Goetz
13725 Robleda Road
Los Altos, CA  94022
Telephone: (650) 941-6000
In Pro Per

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re: Stephen J.R. Goetz   ) Chapter 11
                            )
And Diana Goetz,            )
                            ) Case No.: 05-57623 MM
            Debtors.        )
_____/ )
                            )
John Challas,               )
                            ) Adv. Pro. No:06-5197
            Plaintiff,      )
                            )
Vs.                         )
                            )
    Steven Goetz, et.al.,   )
                            )
            Defendants.  /__

STATEMENT OF ISSUES AND DESIGNATION OF THE RECORD

     Debtor-Defendant and Appellant Stephen Goetz hereby

submits his Statement of Issues and Designation of the Record

on Appeal.

STATEMENT OF ISSUES

     Did the Court misinterpret or misapply the "fair

contemplation" test?

     Did the Court use an incorrect legal standard with respect

to ruling on cross motions for summary judgment?

DESIGNATION OF THE RECORD

     The record on this appeal consists of:

- 1 -

| Item NO. | Description | Date Filed | Dkt. NO. |
|----------|-------------|-----------|----------|
| 1 | Docket Sheet | n/a | n/a |
| 2 | Notice of Removal | 11/2/2006 | 1 |
| 3 | Motion to Dismiss | 11/22/2006 | 3 |
| 4 | Notice of Hearing | 12/11/2006 | 4 |
| 5 | Response | 2/2/2007 | 8 |
| 6 | Reply including | | |
| | Attached Declaration | 3/1/2007 | 9 |
| 7 | Objections | 3/30/2007 | 10 |
| 8 | Declaration | 3/30/2007 | 11 |
| 9 | Declaration | 4/4/2007 | 12 |
| 10 | Transcript | 5/15/2007 | 14 |
| 11 | Request to Take Judicial | | |
| | Notice | 7/13/2007 | 18 |
| 12 | Additional Request | 7/13/2007 | 19 |
| 13 | Chronology | 7/13/2007 | 20 |
| 14 | Transcript | 10/3/2007 | 21 |
| 15 | Memorandum Decision | 10/19/2007 | 22 |
| 16 | Trial Exhibits 1-4 | n/a | n/a |
| 17 | Notice of Appeal | 11/2/2007 | 24 |

Dated:  11/1/2007

/s/Stepehn Goetz

- 2

# EXHIBIT 4

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

NOV 0 6 2007

CLERK
United States Bankruptcy Court
San Jose, California

In re
Stephen J.R. Goetz and                     Case No. 05-57623-MM

Diana Goetz                                 Adversary No. 06-5197
_____ Debtor(s) /
                                            Chapter 11
John Challas

            Plaintiff(s)

v.

Steven Goetz

_____ Defendant(s)/


## NOTICE OF REFERRAL OF APPEAL TO BANKRUPTCY APPELLATE PANEL

TO ALL PARTIES:

YOU AND EACH OF YOU are hereby notified that a notice of appeal has been filed by Stephen Goetz with

the Clerk of the Bankruptcy Court. By virtue of the orders of the Judicial Council of the Ninth Circuit and

the District Court for this district, the above appeal has been referred to the United States Bankruptcy

Appellate Panel of the Ninth Circuit (BAP).


Dated: November 6, 2007

                                        GLORIA L. FRANKLIN, Clerk

                                        By: _Scook Epj_____

                                            Deputy Clerk

Re: 05-57623-MM
Adv. 06-5197

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    I, the undersigned, a regularly appointed and qualified clerk in the office of the Northern District of California, San Jose, California, hereby certify:

    That I, in the performance of my duties as such Clerk, served a copy of the foregoing document by depositing it in the regular United States mail at San Jose, California on the date shown below, in a sealed envelope bearing the lawful frank of the United States Bankruptcy Court addressed as listed below.

Stephen Goetz
13725 Robleda Rd.
Los Altos, CA 94022

George P. Eshoo, Esq.
Law Offices of Eshoo & Assoc.
702 Marshall Street #500
Redwood City, CA 94063

Clerk of the Bankruptcy Appellate
Panel
Attn. Edwina Clay
125 South Grand Ave.
Pasadena CA 91105

Daniel D. McGee, Esq.
Mark E. Ellis
Wendy D. Vierra, Esq.
Ellis, Coleman et al
555 University Avenue #200
Sacramento, CA 95825

Office of the U.S. Trustee
280 S. First St. Room 268
San Jose CA 95113

Dated: November 6, 2007

Brook Esparza, Deputy Clerk

1

Certificate of Mailing.wpt

# EXHIBIT 5

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California  (626) 229-7220
Appeals from all other Districts (626) 229-7225


RE:  STEPHEN J.R. GOETZ and DIANA GOETZ

Appellant:  Stephen J.R. Goetz

BAP No: NC-07-1418

BK. NO: 05-57623-MM                    ADV. No(s): 06-5197


OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy
Appellate Panel (BAP) and assigned the case number above.  All
papers filed with the BAP should be in the form of an original
and three copies.

The BAP docket and other court information is available through
the National PACER system. http://pacer.bap09.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the
BAP.  Appeals are also governed by Parts VIII and IX of the Federal
Rules of Bankruptcy Procedure (F.R.B.P.), and some parts of the
Federal Rules of Appellate Procedure (F.R.A.P.) and the local
rules of the Ninth Circuit (Circuit Rules).  See 9th Cir. BAP
Rule 8018(b)-1.

Pursuant to 9th Cir. BAP Rule 8001(a)-1, please immediately send
the BAP Clerk a copy of the signed and entered order or judgment
being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in
prosecuting this appeal is compliance with F.R.B.P. 8006 and 8007,
which require Appellant to file within 10 days in the bankruptcy
court a designation of record, statement of issues on appeal, and a
notice regarding the ordering of transcripts.  Under these rules
Appellee may also file a supplemental designation of record and order
transcripts.  The party ordering the transcripts must make satisfactory
arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with
the bankruptcy court a notice stating that none are required.
See also 9th Cir. BAP R. 8006-1.

The parties should note that the designation of record under
F.R.B.P. 8006 is a necessary procedural step in prosecuting an
appeal and the parties may not later include in their excerpts of
the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy
court and the Panel reviews only those items which are reproduced
and included in the excerpts of the record filed at the time of the
briefs.  While the Panel may call up the formal record, in practice
this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal
to ensure that transcripts are timely filed and the record is
completed in a timely manner.  Under F.R.B.P. 8007(a), the
court reporter is required to file transcripts within 30
days of receipt of the parties' request, unless an extension has
been granted.

After the record is complete, the Clerk of the bankruptcy court
will send a Certificate of Record, sometimes referred to as a
Certificate of Readiness or Certificate of Transcripts, to the BAP
Clerk.  This triggers the issuance of the briefing schedule by the
BAP Clerk.  The briefing schedule contains time deadlines and
instructions regarding filing of briefs.  However, the parties
should be aware that the time periods set forth in the briefing
schedule are relatively short and extensions of time greater than
15 days are generally granted only based on a showing of good
cause.  See F.R.B.P. 8009 and 9th Cir. BAP R. 8009(a)-1.

Appeals are set for hearing in the bankruptcy district from which
the appeal arose whenever feasible.  To expedite the appeal or if
the parties feel argument is unnecessary, they may file a stipulation
or motion to submit their appeal on the briefs and record, thereby
waiving oral argument.  The Panel will also consider stipulations
requesting an alternative hearing location or hearing by telephone
conference.  Such motions should be filed at the earliest possible
date, generally with the opening brief, as once a case has been
scheduled for argument, continuance and request to change time
and place are rarely granted.


                    CERTIFICATE OF MAILING
          ------------------------------------
          The undersigned, deputy clerk of the U.S. Bankruptcy
Appellate Panel of the Ninth Circuit, hereby certifies that a copy
of the document on which this certificate appears was transmitted
this date to all parties of record to this appeal.

                         By: Edwina Clay

                         Deputy Clerk: November 13, 2007

# RULES

# OF THE

# UNITED STATES

# BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

**PREAMBLE**

These rules of the United States Bankruptcy Appellate Panel of the Ninth Circuit are promulgated under the authority of Federal Rule of Bankruptcy Procedure 8018.

Adopted, as Revised: February 24, 2000

# Table of Contents

| Rule | Subject | Page |
|------|---------|------|
| 8001(a)-1 | Notice of Appeal | 1 |
| 8001(e)-1 | Election to Transfer Appeal to District Court | 1 |
| 8006-1 | Transcripts | 1 |
| 8007(b)-1 | Docketing Appeal and Appellate Record | 2 |
| 8008(a)-1 | Communications | 2 |
| 8008(a)-3 | Fax Filing | 2 |
| 8009(a)-1 | Briefs; Number of Copies; Extensions of Time | 3 |
| 8009(b)-1 | Appendix  (Excerpts of the Record) | 4 |
| 8010(a)-1 | Form of Briefs and Certification Requirements | 5 |
| 8010(c)-1 | Length of Briefs | 6 |
| 8011(d)-1 | Emergency Motions | 7 |
| 8011(e)-1 | Delegation of Authority to Act on Motions | 7 |
| 8012-1 | Oral Argument | 8 |
| 8013-1 | Disposition of Appeal | 8 |
| 8014-1 | Costs | 9 |
| 8018(b)-1 | Silence of Local Rules | 9 |
| 8018-2 | Citation to Rules | 9 |
| 8070-1 | Dismissal for Failure to Prosecute | 9 |
| 9001-1 | Definitions | 10 |
| 9010-1 | Attorneys--Duties, Withdrawal, Substitution | 10 |
| 9010-2 | Pro Se Parties | 11 |

## 8001(a)-1
## NOTICE OF APPEAL

**ORDER BEING APPEALED**.   The appellant shall attach to the notice of appeal filed in bankruptcy court a copy of the entered judgment, order or decree from which the appeal was taken.  The clerk of the bankruptcy court shall forward these items to the BAP Clerk.  If the notice of appeal is filed before entry of the order being appealed, it is appellant's duty to forward to the BAP Clerk a copy of the judgment or order immediately upon entry.

## 8001(e)-1
## ELECTION TO TRANSFER APPEAL TO DISTRICT COURT

**(a) TRANSFER**.  The  Panel may transfer an appeal to the district court to further the interests of justice, such as when a timely statement of election has been filed in a related appeal, or for any other reason the Panel deems appropriate.

**(b)  ELECTION PROCEDURE WHEN MOTION FOR LEAVE TO APPEAL IS PENDING.**  If appellant moves for leave to appeal pursuant to FRBP 8003, and fails to file a separate notice of appeal concurrently with filing the motion for leave, the motion for leave shall be treated as if it were a notice of appeal for purposes of calculating the time period for filing an election.

## 8006-1
## TRANSCRIPTS

The excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel.  The Panel is required to consider only those portions of the transcript included in the excerpts of the record.  Parties shall consult local bankruptcy rules with regard to the proper procedure for ordering transcripts or for indicating that transcripts are not necessary.

### *Explanatory Note:*

*This rule addresses two problems.  The first occurs when appellants challenge the oral tentative rulings, and/or the oral findings of fact and conclusions of law of the bankruptcy court, and do not include sufficient transcripts in the excerpts of the record to allow the Panel to properly review the bankruptcy court's*

-1-

*decision. If findings of fact and conclusions of law were made orally on the record, a transcript of those findings is mandatory. In re McCarthy, 230 B.R. 414, 416 (9th Cir. BAP 1999).*

*The second problem arises when an appellant challenges a factual finding. In order to review a factual finding for clear error, the record should usually include the entire transcript and all other relevant evidence considered by the bankruptcy court. See In Re Friedman, 126 B.R. 63, 68 (9th Cir. BAP 1991) (failure to provide an adequate record may be grounds for affirmance); In re Burkhart, 84 B.R. 658 (9th Cir. BAP 1988).*

## 8007(b)-1
## DOCKETING APPEAL AND APPELLATE RECORD

As soon as the statement of issues, designation of record, and any transcripts that have been designated are filed with bankruptcy court, the clerk of the bankruptcy court shall transmit to the BAP Clerk a certificate that the record is complete. The BAP Clerk shall forthwith notify the parties of the date the certificate is filed at the BAP, and this date shall constitute the date of entry of the appeal on the docket for purposes of FRBP 8009. The record shall be retained by the clerk of the bankruptcy court. The BAP Clerk may request a copy of the record from the clerk of the bankruptcy court.

## 8008(a)-1
## COMMUNICATIONS

All communications to the BAP shall be addressed to the Clerk of the United States Bankruptcy Appellate Panel of the Ninth Circuit, Richard H. Chambers Court of Appeals Building, 125 South Grand Avenue, Pasadena, California 91105.

## 8008(a)-3
## FAX FILING

The BAP does not accept for filing documents transmitted by telephone facsimile machine ('fax"), except in emergency circumstances. Permission of the BAP Clerk, prior to the transmittal of the document, is always required.

Any document transmitted to the BAP by fax must be served on all other parties by fax or hand delivery, unless another form of service is authorized by the BAP Clerk, and the method of service shall be expressly stated on the proof of service. Within three days after the fax transmittal, the filing party shall file a signed original and the necessary copies with the BAP.

---

## 8009(a)-1
## BRIEFS; NUMBER OF COPIES; EXTENSIONS OF TIME

**(a) Number.** A party filing briefs shall file an original and four (4) copies with covers, bound separately from the excerpts of the record. At the direction of the BAP the parties may be required to provide additional copies.

**(b) Motion for Extension of Time for Filing Brief.**

**(1) Requirements.** A motion for extension of time to file a brief shall be filed within the time limit prescribed by these rules for the filing of such brief and shall be accompanied by a proof of service. The motion shall be supported by a declaration stating:

(A)   When the brief was initially due;
(B)   How many extensions of time, if any, have been granted;
(C)   Reasons why this extension is necessary;
(D)   The specific amount of time requested; and
(E)   The position of the opponent(s) with respect to the motion or why the moving party has been unable to obtain a statement of such position(s).

**(2) BAP Clerk Authority.** The BAP Clerk is authorized to grant extensions of time under the direction and guidelines of the Panel.

**(3) Consequences.** Appellant's failure to file a brief timely may result in the dismissal of the appeal. A brief received after the due date will not be accepted for filing unless it is accompanied by a motion for an extension of time and the motion is granted. The Panel has no obligation to consider a late brief. Sanctions may be imposed, such as the waiver of oral argument, monetary sanctions or dismissal.

---

**8009(b)-1**
**APPENDIX (EXCERPTS OF THE RECORD)**

---

   **(a)  Number and Form.**  A party filing excerpts of the record shall file an original and four (4) copies bound separately from the briefs.

   (1)    Each copy shall be reproduced on white paper by any duplicating process capable of producing a clearly legible image.
   (2)    Each copy shall be bound with a white cover.
   (3)    The cover of the excerpts shall contain the caption information specified by 9th Cir. BAP Rule 8010(a)-1(a)(2).

**(b)  Organization of Appendix.**

   (1)    Documents in the appendix shall be divided by tabs.
   (2)    The pages of the excerpts shall be continuously paginated.
   (3)    The appendix shall contain a complete table of contents listing the documents and identifying both the tab and page number where each document is located.  If the appendix has more than one volume, the table of contents shall also identify the volume in which each document is located.

### _Explanatory Note:_

   _The Panel generally limits its review to an examination of the excerpts of the record as provided by the parties.  The Panel is not obligated to examine portions of the record not included in the excerpts.  See In re Kritt, 190 B.R. 382, 386-87 (9th Cir. BAP 1995); In re Anderson, 69 B.R. 105, 109 (9th Cir. BAP 1986)._

   _The parties are further referred to FRBP 8010 (a)(1)(D) and (a)(2) which address the related problem created by appellants who do not make explicit references to the parts of the record that support their factual allegations and arguments.  Opposing parties and the court are not obliged to search the entire record unaided for error.  See Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241 (9th Cir. 1998); Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir. 1991); FRAP Rule 10(b)(2)._

---

**8010(a)-1**
**FORM OF BRIEFS AND CERTIFICATION REQUIREMENTS**

---

    **(a) Form.** Briefs shall be produced by a standard typographic printing process that produces a clear black image on white paper, 8 ½ inches by 11 inches, with one-inch margins, in at least 14 point proportional type, or 10.5 point monospaced type, double-spaced, on opaque, unglazed paper.

        (1)    BRIEF COVER COLORS:
             Appellant's opening brief:      BLUE
             Appellee's opening brief:       RED
             Appellant's reply brief:        GREY

        (2)    COVER INFORMATION:
             Name of court
             Case numbers (BAP, bankruptcy court case, and if applicable, adversary numbers)
             Name of Debtor
             Names of appellant(s) and appellee(s)
             Title of document
             Name, address, telephone number, and bar number of counsel filing document

    **(b) Certification as to Interested Parties.** To enable the judges of a Panel to evaluate possible disqualification or recusal, all parties, other than governmental parties, shall attach to the inside back cover of their initial briefs, a list of all persons, associations of persons, firms, partnerships and corporations that have an interest in the outcome of the case. The certification should be in substantially the following form:

## Certification Required by BAP Rule 8010(a)-1(b)

[BAP NUMBER, DEBTOR'S NAME ]

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal [list the names of all such parties and identify their connection and interest]:


_____    _____
Signed                      Dated

**(c) Certification of Related Cases.** The appellant shall attach to the inside back cover of each copy of the opening brief a statement of all known related cases and appeals before the United States Court of Appeals, the United States District Court, or the BAP. A related case is defined as one which involves substantially the same litigants, substantially the same factual pattern or legal issues, or arises from a case previously heard by the Panel. The certification should be in substantially the following form:

## Certification Required by BAP Rule 8010(a)-1(c)

[BAP NUMBER, DEBTOR'S NAME]

The undersigned certifies that the following are known related cases and appeals [list the case name, court and status of all related cases and appeals]:

_____        _____
Signed                                       Dated

### *Explanatory Note:*

Failure to comply with the Briefing Rules may result in striking the brief and dismissing the appeal, *N/S Corp., v. Liberty Mutual Ins. Co.*, 127 F.3d 1145 (9th Cir. 1997), or imposing sanctions, *In re MacIntyre*, 181 B.R. 420, 422 (9th Cir. BAP 1995), *aff'd*, 77 F.3d 489 (9th Cir. 1996).

Briefs and excerpts of the record shall be securely fastened by any appropriate means.

---

### 8010(c)-1
### LENGTH OF BRIEFS

Except with leave of the Panel, appellant's and appellee's initial briefs shall not exceed thirty (30) pages, and reply briefs shall not exceed twenty (20) pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations or similar materials.

### *Explanatory Note:*

Motions for leave to exceed page limitations are rarely granted. Motions should be filed well in advance of the due date for the brief.

---

### 8011(d)-1
### EMERGENCY MOTIONS

---

**(a) Form and Number.** An emergency motion must have a cover page bearing the legend "Emergency Motion" in large, bold type. The motion must be filed with the BAP Clerk in an original and three copies.

**(b) Contents.** The motion and supporting declaration(s) must set forth the facts showing the existence and nature of the alleged immediate and irreparable harm.

**(c) Appendix.** The emergency motion must be accompanied by an appendix containing:

 (1) A conformed copy of the notice of appeal, and

 (2) A copy of the entered judgment, order or decree from which the appeal was taken;

 (3) If the emergency motion concerns a stay pending appeal, the appendix must also contain:

  (i) a conformed copy of the court's order denying or granting the stay and any explanation by the court of its ruling, or a declaration explaining why such a copy is unavailable; and

  (ii) copies of all papers regarding the stay filed in bankruptcy court.

**(d) Service.** The motion and appendix must be accompanied by a proof of service showing service on all parties.

#### Explanatory Note:

*When the emergency motion concerns a stay pending appeal, the parties are directed to In re Wymer, 5 B.R. 802, 805-07 (9th Cir. BAP 1980), for standards in granting a stay pending appeal.*

---

### 8011(e)-1
### DELEGATION OF AUTHORITY TO ACT ON MOTIONS

---

The BAP judges may delegate to the BAP Clerk authority to act on motions that are subject to disposition by a single judge pursuant to FRBP 8011(e), upon the condition that the order entered on the motion does not dispose of the appeal or resolve a motion for stay pending appeal. The order disposing of the motion is subject to reconsideration by a judge if a written request for judicial review is received within ten (10) days of the entry of the order.

## 8012-1
## ORAL ARGUMENT

The BAP Clerk will provide notice of the time and place of argument. Once the hearing date is scheduled, a motion for continuance will be granted only under exceptional circumstances.

The Panel may determine that oral argument is not needed either *sua sponte* or on motion for submission of the appeal on the briefs. If the Panel determines that oral argument is not needed, it will issue an order to that effect.

## Rule 8013-1
## DISPOSITION OF APPEAL

**(a)  OPINION or MEMORANDUM.**   The Panel may determine that a written disposition of a matter before the Panel will be designated an OPINION if it:

(1)     Establishes, alters, modifies or clarifies a rule of law;
(2)     Calls attention to a rule of law which appears to have been generally overlooked;
(3)     Criticizes existing law; or
(4)     Involves a legal or factual issue of unique interest or substantial public importance.

A written disposition of a case not designated for publication will be captioned a MEMORANDUM.

**(b)  PUBLICATION.**   Publication of a final disposition means the BAP Clerk will release a copy to recognized channels for dissemination. Only opinions, and orders designated for publication by the Panel, will be published.

**(c)  CITATION.**   Unpublished memoranda and orders have no precedential value and may not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.

**(d)  REQUEST FOR PUBLICATION.**   Any party may request, by letter, that the Panel publish a memorandum. The request must be received no later than 30 days after the filing of the memorandum and must state concisely the reasons for publication.

## 8014-1
## COSTS

Costs under FRBP 8014 are taxed by filing a bill of costs with the clerk of the bankruptcy court.

## 8018(b)-1
## SILENCE OF LOCAL RULES

In cases where Part VIII of the Federal Rules of Bankruptcy Procedure and these rules are silent as to a particular matter of practice, a Panel may apply the Rules of the United States Court of Appeals for the Ninth Circuit and the Federal Rules of Appellate Procedure.

## 8018-2
## CITATION TO RULES

These rules shall be cited as:

"9th Cir. BAP R. _____."

## 8070-1
## DISMISSAL FOR FAILURE TO PROSECUTE

When an appellant fails to file an opening brief timely, or otherwise fails to comply with rules or orders regarding processing the appeal, the BAP Clerk, after notice, may enter an order dismissing the appeal. The order dismissing the appeal is subject to reconsideration by the Panel if a written request for judicial review is received within ten (10) days of the entry of the order.

## Rule 9001-1
## DEFINITIONS

**(a)** The words "BAP Clerk" as used in these rules mean the Clerk of the United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(b)** The word "Judge" as used in these rules, unless otherwise designated, means a member of the United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(c)** The word "Panel" as used in these rules means a panel of the judges of the United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(d)** The acronym "BAP" as used in these rules means United States Bankruptcy Appellate Panel of the Ninth Circuit.

**(e)** The acronym "FRBP" as used in these rules means Federal Rules of Bankruptcy Procedure.

**(f)** The acronym "FRAP" as used in these rules means Federal Rules of Appellate Procedure.


## 9010-1
## ATTORNEYS--Duties, Withdrawal, Substitution

**(a) DUTIES**. Counsel must ensure that the appeal is perfected on behalf of the represented party in a manner and within the times prescribed in these rules and must prosecute the appeal with diligence. Counsel must provide counsel's name, bar number, address, and telephone number on all documents filed with the BAP. Changes in address of counsel or client must be reported to the BAP Clerk in writing.

**(b) ADMISSION**. Any attorney admitted to practice before a District Court of the Ninth Circuit or the Court of Appeals for the Ninth Circuit and who is in good standing before such court shall be deemed admitted to practice before the BAP. An attorney not so admitted may apply to the BAP for permission to appear in a particular appeal.

**(c) WITHDRAWAL AND SUBSTITUTION**. No attorney who has appeared in an appeal before the BAP may withdraw without either:

(1) Filing and serving a Notice of Substitution of Attorney. The notice shall contain substitute counsel's name, bar number, address, telephone number and signature; or

(2) Obtaining an order of the BAP allowing the attorney to withdraw. The BAP may grant such an order if an attorney files and serves on opposing counsel and the attorney's client a motion to withdraw as counsel. Any

motion to withdraw shall include the client's current address and telephone number.

    **(d)   NOTICE OF APPEARANCE.**   Immediately upon undertaking the representation, any attorney who represents a party in an appeal, and who is not identified in either the notice of appeal or a notice of substitution of attorney, shall file and serve a notice of appearance containing counsel's name, bar number, address, and telephone number.

| 9010-2 |
| PRO SE PARTIES |

    Parties unrepresented by counsel and appearing before the Panel are considered to be "pro se parties" representing themselves. Only individuals are permitted to appear pro se. Pro se parties must ensure their appeal is perfected in a manner and within the time limits prescribed in these rules and must prosecute the appeal with diligence. Changes in address must be reported to the BAP Clerk in writing.

### *Explanatory Note:*

    See *In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996); *In re Eisen*, 14 F.3d 469, 471 (9th Cir. 1994). Corporations, partnerships and associations are not permitted to appear in federal court except through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993); *In re America West Airlines, Inc.*, 40 F.3d 1058 (9th Cir. 1994).

# EXHIBIT 6

1 | Mark E. Ellis # 127159
   | Daniel D. McGee # 218947
2 | Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
   | 555 University Avenue, Suite 200 East
3 | Sacramento, CA 95825
   | Tel. (916) 283-8820
4 | Fax (916) 283-8821

5 | George P. Eshoo - 39081
   | Law Offices of George P. Eshoo & Associates
6 | 702 Marshall Street, Suite 500
   | Redwood City, CA 94063
7 | Tel: (650) 364-7030
   | Fax: (650) 364-3054

8

9 | Attorneys for Plaintiff JOHN CHALLAS

10

**UNITED STATES BANKRUPTCY COURT**

11

**NORTHERN DISTRICT OF CALIFORNIA**

12

13

| | |
|---|---|
| 14 In re: Stephen J.R. Goetz and Diana Goetz, | Chapter 11 |
| 15 | Case No. 05-57623 MM |
| 16 Debtors. | Adversary Proceeding No. 06-5197 |
| 17 | **PLAINTIFF JOHN CHALLAS'S OBJECTION TO APPEAL BEING HEARD AND DETERMINED BY BANKRUPTCY APPELLATE PANEL** |
| 18 John Challas, | |
| Plaintiff, | |
| 19 | |
| 20 v. | |
| 21 Steven Goetz, and DOES 1 through 20, Inclusive, | |
| 22 Defendants. | |
| 23 | |

24

Pursuant to General Order No. 24, Part II, sections 2.01(b) and 2.02(a), and the Judicial

25

Council of the Ninth Circuit's Amended Order Establishing and Continuing the Bankruptcy Appellate

26

Panel of the Ninth Circuit ("BAP"), Plaintiff JOHN CHALLAS ("Mr. Challas") hereby objects to the

27

BAP hearing and determining Defendant Stephen Goetz's appeal of the order determining the non-

28

- 1 -

1    dischargeability of Mr. Challas's cause of action for slander, which order was entered on the

2    Bankruptcy Court's docket on October 22, 2007.  Mr Challas further requests that said appeal be

3    transferred to the United States District Court for the Northern District of California.

4

5

6    Dated: November 20, 2007                    ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                                 STEINHEIMER LLP

7

8                                                By _____

9                                                   DANIEL D. McGEE
                                                    Co-Counsel for Plaintiff JOHN CHALLAS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# CERTIFICATE OF SERVICE

I, Alexandria M. Felix, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On November 20, 2007, I served the following document(s) on the parties in the within action:

**PLAINTIFF JOHN CHALLAS'S OBJECTION TO APPEAL BEING HEARD AND DETERMINED BY BANKRUPTCY APPELLATE PANEL**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

Stephen Goetz                                    In Pro Per
13725 Robleda Road
Los Altos, CA 94022

George P. Eshoo, Esq.                            Co-Counsel for John Challas
Law Offices of George P. Eshoo et al.
702 Marshall Street, Suite 500
Redwood City, CA 94063

Clerk of The Bankruptcy Appellate Panel
125 South Grand Avenue
Pasadena, CA 91105

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 20, 2007.

By _____
Alexandria M. Felix

- 3 -

**PLAINTIFF JOHN CHALLAS'S OBJECTION TO APPEAL BEING HEARD AND DETERMINED BY BANKRUPTCY APPELLATE PANEL**

# EXHIBIT 7

*FILED*

*07 DEC 17 11: 07*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: STEPHEN J.R. GOETZ,

          Plaintiff,

    v.

/,

          Defendant.
_____/

No. C-07-06364 RMW
NOTICE OF FILING OF BANKRUPTCY
APPEAL AND ORDER SETTING STATUS
CONFERENCE

RE:

    Bankruptcy Case: OS- 57623 MM
    Adversary No.: O6-5197
    BAP No.: NC-07-148
    Appellant:

The appeal has been assigned the following case number C-07-06364 RMW before the
Honorable Ronald M. Whyte.

Upon the completion by parties of the perfection of the record pursuant to BR 8006 and
8007, the Bankruptcy Court will transmit a copy of the record on appeal to this court for
docketing and issuance of a briefing schedule.

This matter is calendared for status conference on 4/18/2008 at     in Courtroom 6, 4th
Floor, SJ.

This date will stand vacated upon the filing in this Court of the record on appeal, at which
time a briefing schedule will issue.

Dated: Dec 17, 2007

                      For the Court
                      Richard W. Wieking, Clerk

By: Deputy Clerk

cc: USBC
     Counsel of Record

MARY ANN BUCKLEY

# EXHIBIT 8

1  Mark E. Ellis # 127159
   Daniel D. McGee # 218947
2  Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
   555 University Avenue, Suite 200 East
3  Sacramento, CA 95825
   Tel. (916) 283-8820
4  Fax (916) 283-8821

5  George P. Eshoo - 39081
   Law Offices of George P. Eshoo & Associates
6  702 Marshall Street, Suite 500
   Redwood City, CA 94063
7  Tel: (650) 364-7030
   Fax: (650) 364-3054
8
   Attorneys for Plaintiff JOHN CHALLAS
9

**FILED**

JAN 1 0 2008

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

10
                    UNITED STATES BANKRUPTCY COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

13

14  In re: Stephen J.R. Goetz and Diana          Chapter 11
    Goetz,
15                                                 Case No. 05-57623 MM
                        Debtors.
16                                                 Adversary Proceeding No. 06-5197

17  John Challas,                                  **PLAINTIFF JOHN CHALLAS'S CASE**
                                                   **MANAGEMENT CONFERENCE STATEMENT**
18          Plaintiff,
                                                   Date:  January 15, 2008
19  v.                                             Time:  10:00 a.m.
                                                   Judge: Hon. Marilyn Morgan
20  Steven Goetz, and DOES 1 through 20,
21  Inclusive,
22                      Defendants.

23

24
           On November 1, 2007, Defendant Stephen Goetz ("Goetz") appealed this Court's order dated
25
    October 19, 2007.  On November 1, 2007, Goetz, pursuant to **FRBP 8006**, also designated the entire
26
    docket for this adversary proceeding to be included in the record on appeal, including the transcripts
27
    for the hearings dated June 12, 2007 and July 13, 2007.  In so doing, Goetz, pursuant to **FRBP 8006**,
28
                                              - 1 -

PLAINTIFF JOHN CHALLAS'S CASE MANAGEMENT CONFERENCE STATEMENT

1   was required to immediately deliver to the reporter and file with the clerk a written request for the

2   transcripts and make satisfactory arrangements for payment of its costs. Goetz failed to perform this

3   act. Accordingly, it appears that Goetz has failed to perfect his appeal providing grounds for dismissal

4   of the same.

5       On November 6, 2007, this Court referred Goetz's appeal to the Bankruptcy Appellate Panel

6   ("BAP"). On November 13, 2007, the BAP transmitted to the parties its opening letter which indicated

7   that Goetz had failed to transmit a copy of the order being appeal from.

8       On November 26, 2007, Plaintiff John Challas ("Mr. Challas") filed an objection to the appeal

9   being heard and determined by the BAP. The appeal was thereafter transferred and assigned to the

10  Honorable Ronald M. Whyte of the Northern District Court of California. On December 17, 2007, the

11  Northern District Court set this matter for an April 18, 2008 status conference pending the parties'

12  perfection of the record. Upon the filing of the record on appeal, the Northern District Court is to

13  vacate the April 18, 2008 status conference at which time a briefing schedule will issue.

14      Given these circumstances, Mr. Challas respectfully requests that this Court continue this case

15  management conference.

16

17

18  Dated: January 10, 2008                  ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                             STEINHEIMER LLP
19

20                                           By _____

21                                              Daniel D. McGee
                                                Co-Counsel for JOHN CHALLAS
22

23

24

25

26

27

28

PLAINTIFF JOHN CHALLAS'S CASE MANAGEMENT CONFERENCE STATEMENT

1

<b>CERTIFICATE OF SERVICE</b>

2

I, Nichole M. Pruitt, declare:

3

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East,

5

Sacramento, CA 95825.

6

On January 10, 2008, I served the following document(s) on the parties in the within action:

7

<b>PLAINTIFF JOHN CHALLAS'S CASE MANAGEMENT CONFERENCE STATEMENT</b>

8

| | |
|---|---|
| 9 | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| 11   X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| 13 | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| 15 | **VIA FACSIMILE:** The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| 17 | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |

18

| | |
|---|---|
| Stephen Goetz | IN PRO PER |
| 13725 Robleda Rd. | |
| Los Altos, CA 94022 | |
| George P. Eshoo, Esq. | Co-Counsel for John Challas |
| Law Offices of George P. Eshoo, et. | |
| 702 Marshall Street, Suite 500 | |
| Redwood City, CA 94063 | |

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is

25

a true and correct statement and that this Certificate was executed on January 10, 2008.

27

By _Nicole M Pruitt_

Nichole M. Pruitt

28

# EXHIBIT 9

1    Mark E. Ellis # 127159
     Daniel D. McGee # 218947
2    Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
     555 University Avenue, Suite 200 East
3    Sacramento, CA 95825
     Tel. (916) 283-8820
4    Fax (916) 283-8821

5    George P. Eshoo - 39081
     Law Offices of George P. Eshoo & Associates
6    702 Marshall Street, Suite 500
     Redwood City, CA 94063
7    Tel: (650) 364-7030
     Fax: (650) 364-3054
8
     Attorneys for Appellee/Plaintiff JOHN CHALLAS
9

10                   UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14   In re: Stephen J.R. Goetz  and Diana      Chapter 11
     Goetz,
15                                             Case No. C-07-06364 RMW
                        Debtors.
16                                             [Bankruptcy Case No. 05-57623 MM
                                               Adversary Proceeding No. 06-5197
17   _____         BAP No. NC-07-1418]

18   John Challas,                            **APPELLEE/PLAINTIFF JOHN CHALLAS' STATUS
                                              CONFERENCE STATEMENT**
           Plaintiff,
19
     v.                                       Date:  April 18, 2008
20                                            Time:  10:30 a.m.
     Steven Goetz, and DOES 1 through 20,     Judge:  Hon. Ronald M. Whyte
21   Inclusive,

22                      Defendants.

23   _____

24        On October 19, 2007, and following a day-long evidentiary hearing which occurred on July 13,

25   2007, the Bankruptcy Court for the Northern District of California, the Honorable Marilyn Morgan

26   presiding, signed an Order ruling that Appellee/Plaintiff John Challas' ("Mr. Challas") cause of action

27   for slander against Appellant/Defendant Stephen Goetz ("Goetz") was non-dischargeable.  Said Order

28                                            - 1 -

     APPELLEE/PLAINTIFF JOHN CHALLAS' STATUS CONFERENCE STATEMENT

1    was entered on the Bankruptcy Court's docket on October 22, 2008.

2        On November 1, 2007, Goetz, who is proceeding in pro per, appealed the October 19, 2007

3    Order.

4        On November 1, 2007, Goetz, pursuant to **FRBP 8006**, also designated the entire docket for the

5    underlying adversary proceeding to be included in the record on appeal, including the transcripts for

6    hearings dated June 12 and July 13, 2007.  In so doing, Goetz, pursuant to **FRBP 8006**, was required to

7    immediately deliver to the reporter and file with the clerk a written request for the transcripts and make

8    satisfactory arrangements for payment of its costs.  Goetz failed to perform these acts and has not taken

9    any steps to cure the same.

10        On November 6, 2007, this Court referred Goetz's appeal to the Bankruptcy Appellate Panel

11    ("BAP").  On November 13, 2007, the BAP transmitted to the parties its opening letter which indicated

12    that Goetz had failed to transmit a copy of the order from which Goetz is appealing.

13        On November 26, 2007, Mr. Challas filed an objection to Goetz's appeal being heard and

14    determined by the BAP.  The appeal was thereafter transferred to this Court and assigned to the

15    Honorable Ronald M. Whyte.

16        On December 17, 2007, this Court set this appeal for an April 18, 2008 status conference

17    pending the parties' perfection of the record on appeal.  Upon the filing of the record on appeal, this

18    Court was to vacate the April 18, 2008 status conference at which time a briefing schedule would

19    issue.

20        On January 10, 2008, Mr. Challas filed a case management conference ("CMC") statement in

21    the Bankruptcy Court in connection with a CMC which was set to occur on January 15, 2008.  Mr.

22    Challas' CMC statement recited the aforementioned facts, including that Goetz had failed to comply

23    with **FRBP 8006** or to otherwise perfect his appeal rendering his appeal subject to dismissal.  Mr.

24    Challas also indicated that this Court had set the appeal for an April 18, 2008 status conference.

25        Goetz failed to file any CMC statement in connection with the January 15, 2008 CMC.

26    Ultimately, Judge Morgan continued the Bankruptcy Court's CMC until December 9, 2008 pending

27    the outcome of Goetz's appeal before this Court.

28

APPELLEE/PLAINTIFF JOHN CHALLAS' STATUS CONFERENCE STATEMENT

1       It is presently unknown whether Goetz intends to prosecute this appeal or to perfect the record.

2   In that Goetz has failed to perfect his appeal, which has now been pending for five months, it would

3   appear that the dismissal of Goetz's appeal is now eminently appropriate.  See, e.g., **Greco v.**

4   **Stubenberg** (BAP 9th Cir. 1988) 859 F.2d 1401, 1404 [an appellant's failure to take steps required to

5   prosecute appeal, including failing to make a timely request for a transcript, is grounds for dismissal];

6   **In re McCarthy** (BAP 9th Cir. 1999) 230 B.R. 414, 417 [**FRBP 8006** requires, as mandatory, that an

7   appellant designate a record that includes both any opinion, findings of fact and conclusions of law of

8   the court, *and* any transcript that will be needed; failure to do so is grounds for dismissal]; **In re**

9   **Winslow** (D. Colo. 1990) 121 B.R. 598, 599 [appellant's failure to designate crucial portions of

10  transcript constitutes grounds for dismissal].

11      Dismissal is especially appropriate, and requested, since Mr. Challas informed Goetz of the

12  aforementioned deficiencies months ago by way of his January 10, 2008 CMC statement filed in the

13  Bankruptcy Court.  Notwithstanding, Goetz has taken no action to perfect the record on his appeal or

14  to procure the crucial transcripts required by this Court.

15

16

17  Dated: April 3, 2008              ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                STEINHEIMER LLP

18

19  By
                       Daniel D. McGee

20                         Co-Counsel for JOHN CHALLAS

21

22

23

24

25

26

27

28

- 3 -

1

**CERTIFICATE OF SERVICE**

2

I, Nichole M. Pruitt declare:

3

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East,

5

Sacramento, CA 95825.

6

On April 3, 2008, I served the following document(s) on the parties in the within action:

7

**APPELLEE/PLAINTIFF JOHN CHALLAS' STATUS CONFERENCE STATEMENT**

8

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

9

10

11

12

13

14

Stephen Goetz                                     Debtor In Pro Per
13725 Robleda Road
Los Altos, CA 94022
**(Via U.S. Mail)**

15

16

17

George P. Eshoo, Esq.                             Co-Counsel for John Challas
Law Offices of George P. Eshoo et al.
702 Marshall Street, Suite 500
Redwood City, CA 94063
**(Via Electronic Service)**

18

19

20

Stanley A. Zlotoff                                Co-Counsel for John Challas
Attorney at Law
300 S. First Street, Suite 215
San Jose, CA 95113
**(Via U.S. Mail)**

21

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is

24

a true and correct statement and that this Certificate was executed on April 3, 2008.

25

26

By _____
     Nichole M. Pruitt

27

28

- 4 -

# EXHIBIT 10

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

*E-FILED*

### CIVIL MINUTES

DATE: April 18, 2008

Case No. C-07-06364-RMW          JUDGE: Ronald M. Whyte

IN RE: STEPHEN J.R. GOETZ
Title

G. Eshoo, D. Spence                          No Appearance
Attorneys Present                            Attorneys Present

COURT CLERK: Jackie Garcia          COURT REPORTER: Not Reported

### PROCEEDINGS

### CASE MANAGEMENT CONFERENCE

ORDER AFTER HEARING

 Hearing Held.  No appearance from the defendant.  Plaintiff advised the Court that the defendant has

failed to perfect appeal.  Plaintiff intends to file a motion to dismiss appeal.

# EXHIBIT 11

1  William C. Lewis, Esq., Bar No. 77193
   Sally A. Morello, Esq., Bar No. 122814
2  LAW OFFICES OF WILLIAM C. LEWIS
   510 Waverley Street
3  Palo Alto, CA  94301-2009
   Telephone:  (650) 322-3300
4  Facsimile:  (650) 327-9720

5  Attorneys for Creditor Sylvia Goetz
   Perle and Angela Goetz, Successor Trustees
6  of The Goetz Revocable Trust

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  In re:                          )  Case No.:  05-57623-MM
                                    )
12  STEPHEN J.R. GOETZ and DIANA P. )  Chapter 11
    GOETZ,                          )
13                                  )  COMPLAINT FOR
               Debtors.            )  DETERMINATION OF
14  _____ )  DISCHARGEABILITY OF DEBT
                                    )
15  SYLVIA GOETZ PERLE and ANGELA  )
    GOETZ, TRUSTEES OF THE GOETZ   )
16  REVOCABLE TRUST,                )
                                    )
17              Plaintiff,          )
                                    )
18  v.                              )
                                    )
19  STEPHEN J.R. GOETZ,             )
                                    )
20              Defendant.          )
                                    )
21  _____ )

22       SYLVIA GOETZ PERLE and ANGELA GOETZ, Successor Trustees of

23  THE GOETZ REVOCABLE TRUST, Plaintiff herein, alleges as follows:

24       1.    This adversary proceeding is one arising in the Debtors' Case

25  No. 05-57623-MM under Chapter 11 of Title 11 now pending in this Court.

26

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT          -1-

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §523.

2.    This is a core proceeding over which this Court has jurisdiction under Title 28 U.S.C. §157(b).

3.    This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §523(a)(2) and/or (a)(4).

4.    Sylvia Goetz Perle and Angela Goetz are successor trustees of the Goetz Revocable Trust, Plaintiff herein.

5.    Defendant is one of the Debtors in the pending Chapter 11 case. Plaintiff is a creditor of Defendant.

6.    Defendant is indebted to Plaintiff pursuant to an Arbitration Award dated September 6, 2005 ("Arbitration Award") and Amended Order Confirming Arbitration Award and Entry of Judgment Thereon filed October 4, 2005 ("Amended Order") in <u>Sylvia Goetz Perle, et al. V. Stephen J.R. Goetz, et al.</u>, Santa Clara County Superior Court, Case No. 1-01-CV-800889 ("State Court Action"). Copies of the Arbitration Award and Amended Order are attached hereto as Exhibits "A" and "B", respectively.

7.    The Arbitration Award in the State Court Action is a final binding award on the parties. (Arbitration Award, 1:17)

8.    The Arbitration Award sets forth the following findings:

a.    "Stephen Goetz acknowledged he was a fiduciary and his counsel also stipulated to this at the arbitration." (Arbitration Award, 1:22-23)

b.    "Stephen Goetz' admitted willingness to make misrepresentations to appraisers, to lenders, to the county, to tenants of 4906

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT                    -2-

1   El Camino (Exhibit 88) and even to his mother (while supposedly explaining

2   the fairness of his transaction) (Exhibit 238) leave him with no credibility and

3   no ability to meet his burden of proof." (Arbitration Award, 2:3-6)

4          c.     "Stephen Goetz, individually and as managing member of

5   4906 El Camino LLC and 4906 El Camino LLC shall pay damages to the

6   Goetz Revocable Trust based upon their actions of obtaining money and

7   property by false representations and fraud and defalcation while acting in a

8   fiduciary capacity. . . ." (Arbitration Award, 6:22-25)

9        9.    Defendant acquired the real property located at 4906 El Camino

10  Real, Los Altos, CA ("4906 El Camino") from Plaintiff and/or Robert and

11  Verena Goetz, Defendant's parents and predecessors in interest, while acting

12

13  in a fiduciary capacity.

14       10.   4906 El Camino was acquired and held by4906 El Camino LLC,

15  an entity controlled by Defendant.

16       11.   Evidence in the State Court Action resulted in a determination

17  by the arbitrator that the value of 4906 El Camino on December 31, 1997 was

18  $2,350,000 (Arbitration Award, 2:20-21); however, Defendant valued 4906 El

19  Camino on acquisition at $2,010,000, the amount of the existing mortgage

20  (Arbitration Award, 4:11-12).

21       12.   The State Court found that:

22         a.     Defendant failed to provide Plaintiff ". . . with 'objective'

23  information showing that the fair market value of 4906 [El Camino] was

24  much greater than the amount of the mortgage," . . . [d]espite the objective

25  evidence of third parties Michael Stoneman (the loan broker), Paul Laubach

26  (the appraiser), and the Transatlantic Capital (the lender) available at the

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT        -3-

1   time of the transfer that the building was worth more than the amount of the

2   existing mortgage. . . ." (Arbitration Award, 3:9-14)

3          b.    Defendant failed to make ". . . sure that Plaintiff and Dr.

4   Goetz [Defendant's father] received independent advice about the value and

5   fairness of the transfer of 4906 El Camino to him." (Arbitration Award, 3:17-

6   18)

7          c.    Defendant entered ". . . into an interested transaction

8   with Plaintiff and Dr. Goetz that took all value Dr. Goetz had accumulated on

9   the property over approximately 15 years.  [Defendant] received $77,000 over

10  and above the cost of refinancing the month after the building was

11  transferred to him while Plaintiff and Dr. Robert Goetz lost their investment

12  

13  in 4906 El Camino. . . ." (Arbitration Award, 3:25-28)

14         d.    "Stephen Goetz' entire conduct during 1997 through 2000

15  constituted fraudulent concealment of the true value of 4906 El Camino.  He

16  told his father that he could get a mortgage refinance on the building even

17  though it was worth $2,010,000.  After he obtained a refinance in 1998 he

18  told his father that the building was worth no more than $2,010,000 at the

19  transfer.  Moreover the record is clear that Dr. Robert Goetz believed him and

20  was justified in relying on his son. . . .  In the case of an 87-year-old father

21  relying upon his son, it is reasonable to conclude that facts that might have

22  made others inquire would not have created such doubt in the mind of the

23  principal." (Arbitration Award, 4:10-22)

24         e.    "The most compelling evidence of what Stephen Goetz'

25  parents knew and understood is the fact that Stephen Goetz' mother sued

26  him for fraud and breach of fiduciary duty after learning the true facts.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT          -4-

1  Clearly this act speaks volumes as to what . . . Stephen Goetz' parents

2  believed at the time of the transfer." (Arbitration Award, 5:1-4)

3       13.    Plaintiff and/or its predecessors in interest reasonably relied on

4  Defendant's false pretenses, false representations or actual fraud when 4906

5  El Camino was transferred to Defendant and 4906 El Camino LLC.

6       14.    Based on the findings of fraud and defalcation while acting in a

7  fiduciary capacity set forth in the Arbitration Award, the court's Amended

8  Order ordered Defendant to:

9

10       a.    Immediately transfer ownership of 4906 El Camino to the

11  Plaintiff;

12       b.    Pay damages to Plaintiff in the sum of $1,067,255.10 plus

13  post-judgment interest until paid in full;

14       c.    Pay costs of litigation in the amount of $26,177.79;

15       d.    Transfer to Plaintiff all books, documents and records

16  referring to any of the accounts, records, rents, deposits, property taxes,

17  insurance, income taxes, tenants, leases, bank deposits, utilities, liens,

18  charges or other matters referring or relating to 4906 El Camino; and

19       e.    Transfer the proceeds from the Camino Medical Clinic's

20  September rent payment in the amount of $18,591.46.

21       WHEREFORE, Plaintiff prays for judgment against Defendant as

22  follows:

23       1.    For a determination by this Court that the judgment in the

24  State Court Action in favor of Plaintiff is determined to be nondischargeable

25  by Defendant pursuant to 11 U.S.C. §523;

26

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT    -5-

1    2.    For an order directing Defendant to comply with the State Court

2    judgment as follows:

3        a.    Stephen Goetz, as managing member of 4906 El Camino

4    LLC and individually, shall immediately execute and deliver a Grant Deed

5    transferring 4906 El Camino from 4906 El Camino LLC to Plaintiff and to

6    take such further actions as may be necessary to complete the transfer;

7        b.    Pay to Plaintiff damages in the amount of $1,067,255.10

8    plus post-judgment interest until paid in full;

9        c.    Pay to Plaintiff its costs of litigation in the State Court

10    Action in the amount of $26,177.79;

11

12        d.    Stephen Goetz, as managing member of 4906 El Camino

13    LLC and personally, shall transfer and deliver the following books,

14    documents and records to Plaintiff:  all books, documents and records

15    referring to any of the accounts, records, rents, deposits, property taxes,

16    insurance, income taxes, tenants, leases, bank deposits, utilities, liens,

17    charges or other matters referring or relating to 4906 El Camino; and

18        e.    Pay to Plaintiff $18,591.46, representing the proceeds

19    from the Camino Medical Clinic's September rent payment.

20    3.    For an order by this Court that the judgment in the within

21    adversary proceeding is nondischargeable.

22    4.    For reasonable attorneys' fees and costs of this litigation to be

23    determined; and

24    /////

25    /////

26    /////

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT                    -6-

1       5.    For such other and further relief as the Court deems just and

2 proper.

3 Dated: December   20  , 2005     LAW OFFICES OF WILLIAM C. LEWIS

4                                  By:    /s/ William C. Lewis

5                                       William C. Lewis
                              Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT      -7-