1   Mark E. Ellis # 127159
    Daniel D. McGee # 218947
2   Darrell W. Spence #248011
    Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
3   555 University Avenue, Suite 200 East
    Sacramento, CA 95825
4   Tel. (916) 283-8820
    Fax (916) 283-8821
5

6   George P. Eshoo - 39081
    Law Offices of George P. Eshoo & Associates
    702 Marshall Street, Suite 500
7   Redwood City, CA 94063
    Tel: (650) 364-7030
8   Fax: (650) 364-3054

9   Attorneys for Appellee/Plaintiff JOHN CHALLAS

10
                    UNITED STATES DISTRICT COURT
11
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

13

14   In re: Stephen J.R. Goetz and Diana        Chapter 11
     Goetz,
15                                               Case No. C-07-06364 RMW
                          Debtors.
16                                               [Bankruptcy Case No. 05-57623 MM
                                                 Adversary Proceeding No. 06-5197
17   _____            BAP No. NC-07-1418]

18   John Challas,                               MEMORANDUM OF POINTS AND AUTHORITIES
                                                 IN SUPPORT OF APPELLEE/PLAINTIFF JOHN
              Plaintiff,                         CHALLAS' MOTION TO DISMISS THE APPEAL BY
19                                               APPELLANT/DEFENDANT STEPHEN GOETZ
     v.
20
     Steven Goetz, and DOES 1 through 20,        Date:  June 20, 2008
21   Inclusive,                                  Time:  9:00 a.m.
                                                 Judge:  Hon. Ronald M. Whyte
22                        Defendants.            Courtroom: 6, 4th Fl.

23

24                          I.    INTRODUCTION

25        By way of this motion, Plaintiff/Appellee John Challas ("Mr. Challas") requests that this Court

26   dismiss Defendant/Appellant Stephen Goetz's ("Goetz") instant appeal.  Although Goetz's appeal has

27   now been pending for over six months, Goetz has made no effort to perfect his appeal.  Also, Goetz, to

28                                        - 1 -

1  Mr. Challas' frustration, has repeatedly failed to attend case management conferences in this matter,

2  underscoring that he has no intent to prosecute his appeal. These circumstances prejudice Mr. Challas,

3  who is concerned that Goetz may be secreting assets. Given these circumstances, dismissal of Goetz's

4  appeal is eminently appropriate.

5  **II.    STATEMENT OF FACTS/RELEVANT PROCEDURAL HISTORY**

6         On October 19, 2007, and following a day-long evidentiary hearing which occurred on July 13,

7  2007, the Bankruptcy Court for the Northern District of California, the Honorable Marilyn Morgan

8  presiding, signed an Order ruling that Mr. Challas' cause of action for slander against Goetz was not

9  within the parties' "fair contemplation" when Goetz filed for Chapter 11 bankruptcy, and therefore not

10 discharged upon confirmation of Goetz's bankruptcy reorganization plan. (**Declaration of Daniel D.**

11 **McGee ["McGee Decl."], ¶ 2; Exh. 1**.) Said Order was entered on the Bankruptcy Court's docket on

12 October 22, 2008. (***Ibid.***)

13        On November 1, 2007, Goetz, who is proceeding in pro per, appealed the October 19, 2007

14 Order. (**McGee Decl., ¶ 3; Exh. 2**.)

15        On November 1, 2007, Goetz, pursuant to **FRBP 8006**, also designated the entire docket for the

16 underlying adversary proceeding to be included in the record on appeal, including the transcripts for

17 hearings dated June 12 and July 13, 2007. (**McGee Decl., ¶ 4; Exh. 3**.) In so doing, Goetz, pursuant

18 to **FRBP 8006**, was required to immediately deliver to the reporter and file with the clerk a written

19 request for the transcripts and make satisfactory arrangements for payment of its costs. (**McGee Decl.,**

20 **¶ 4**.) Goetz failed to perform these acts and has not taken any steps to cure the same. (***Ibid***.)

21        On November 6, 2007, the Bankruptcy Court referred Goetz's appeal to the Bankruptcy

22 Appellate Panel ("BAP"). (**McGee Decl., ¶ 5; Exh. 4**.) On November 13, 2007, the BAP transmitted

23 to the parties its opening letter which indicated that Goetz had failed to transmit a copy of the order

24 from which Goetz is appealing. (**McGee Decl., ¶ 5; Exh. 5**.)

25        On November 26, 2007, Mr. Challas filed an objection to Goetz's appeal being heard and

26 determined by the BAP. (**McGee Decl., ¶ 6; Exh. 6**.) The appeal was thereafter transferred to this

27 Court and assigned to the Honorable Ronald M. Whyte. (**McGee Decl., ¶ 6**.)

28                                            - 2 -

1    On December 17, 2007, this Court set this appeal for an April 18, 2008 status conference

2    pending the parties' perfection of the record on appeal. (**McGee Decl., ¶ 7; Exh. 7.**) Upon the filing

3    of the record on appeal, this Court was to vacate the April 18, 2008 status conference at which time a

4    briefing schedule would issue. (***Ibid.***)

5    On January 10, 2008, Mr. Challas filed a case management conference ("CMC") statement in

6    the Bankruptcy Court in connection with a CMC which was set to occur on January 15, 2008. (**McGee**

7    **Decl., ¶ 8; Exh. 8.**) Mr. Challas' CMC statement recited the aforementioned facts, including that

8    Goetz had failed to comply with **FRBP 8006** or to otherwise perfect his appeal rendering his appeal

9    subject to dismissal. (***Ibid.***) Mr. Challas also indicated that this Court had set the appeal for an April

10   18, 2008 status conference. (***Ibid.***)

11   Goetz failed to file any CMC statement in connection with the January 15, 2008 CMC.

12   (**McGee Decl., ¶ 9.**) Ultimately, Judge Morgan continued the Bankruptcy Court's CMC until

13   December 9, 2008 pending the outcome of Goetz's appeal before this Court. (***Ibid.***)

14   On April 3, 2008, Mr. Challas filed his status conference statement in connection with this

15   Court's April 18, 2008 status conference. (**McGee Decl., ¶ 9; Exh. 10.**) That status conference

16   statement again indicated that Goetz had failed to perfect his appeal, and that dismissal of Goetz's

17   appeal was warranted. (***Ibid.***) Goetz did not file any status conference statement in connection with

18   the April 18, 2008 status conference. (***Ibid.***)

19   On April 18, 2008, Mr. Challas' attorneys appeared before this Court at the April 18, 2008

20   status conference. (**McGee Decl., ¶ 11; Exh. 10.**) Once again, Goetz failed to appear at the April 18,

21   2008 status conference. (***Ibid.***) Given these circumstances, including Goetz's failure to perfect his

22   appeal, Mr. Challas' attorneys advised this Court that they would be bringing the instant motion to

23   dismiss, which this Court recognized. (***Ibid.***)

24   Mr. Challas is concerned that Goetz may be secreting assets during this period of avoidance

25   and delay. (**McGee Decl., ¶ 12.**) These concerns are not unfounded. (***Ibid.***) Even Goetz's own

26   family successfully sued Goetz in state court for the fraud Goetz had allegedly perpetrated against his

27   own parents. (**McGee Decl., ¶ 12; Exh. 11.**)

28   - 3 -

## III.    LEGAL ARGUMENT

**FRBP 8006**, in pertinent part, provides:

> Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. ***If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record***.    (Emphasis added.)

In this regard, it is well established that an appellant's failure to perfect the appeal, including failure to timely request necessary transcripts, constitutes grounds for dismissal.  See, e.g., **Greco v. Stubenberg** (BAP 9th Cir. 1988) 859 F.2d 1401, 1404 [an appellant's failure to take steps required to prosecute appeal, including failing to make a timely request for a transcript, is grounds for dismissal]; **In re McCarthy** (BAP 9th Cir. 1999) 230 B.R. 414, 417 [**FRBP 8006** requires, as mandatory, that an appellant designate a record that includes both any opinion, findings of fact and conclusions of law of the court, *and* any transcript that will be needed; failure to do so is grounds for dismissal]; **In re Winslow** (D. Colo. 1990) 121 B.R. 598, 599 [appellant's failure to designate crucial portions of transcript constitutes grounds for dismissal].

Here, Goetz, on November 1, 2007, designated the entire docket for the underlying adversary proceeding to be included in the record on appeal, including transcripts for hearings dated June 12 and July 13, 2007.  (**McGee Decl., ¶ 4**; **Exh. 3**.)  As such, Goetz was required to immediately deliver to the reporter and file with the clerk a written request for the transcripts and make satisfactory arrangements for payment of its costs.  **FRBP 8006**.  Goetz failed to perform these acts and has not taken any steps to cure the same.

Given these circumstances, this Court should now dismiss Goetz's appeal fro several reasons.  **First**, there should be no doubt that the aforementioned transcripts, including especially the July 13, 2007 transcript, are necessary for Goetz's appeal.  Indeed, the Bankruptcy Court's October 19, 2007

- 4 -

1   Order which ruled Mr. Challas' slander claim to be non-dischargeable since not within the parties'

2   "fair contemplation, was based upon the testimony provided during the July 13, 2007 "fair

3   contemplation" hearing.  Simply put, the Order which Goetz is appealing is hardly intelligible without

4   reference to the July 13, 2007 transcript.  Goetz's failure to timely procure the July 13, 2008 transcript

5   is grounds for dismissal alone.  See, e.g., **In re McCarthy**, *supra*, 230 B.R. 414, 417.

6        **Second**, dismissal is appropriate since Mr. Challas, over the past few months, has repeatedly

7   advised Goetz regarding his failure to perfect his appeal, including by way of Mr. Challas' January 10,

8   2008 CMC statement filed in the Bankruptcy Court *and* his April 3, 2008 status conference statement

9   filed in this Court. Notwithstanding, Goetz has taken no action to perfect the record on his appeal or to

10  procure the crucial transcripts required by this Court.

11       **Third**, Goetz has now repeatedly failed to attend mandatory case management ad/or status

12  conferences.  Goetz's repeated failure to make these mandatory appearances only underscores the fact

13  that he has no serious intent to prosecute his appeal.

14       **Fourth**, Goetz's failure to perfect his appeal plainly prejudices Mr. Challas.  Mr. Challas's

15  slander action has been placed "on hold" for nearly two years now while the issue regarding the

16  dischargeability of the slander action wound its way first through the Bankruptcy Court and then

17  through this Court.  It is now time that Mr. Challas be given fair opportunity to litigate that slander

18  claim which the Bankruptcy Court has determined to be non-dischargeable.

19       **Fifth**, Mr. Challas has legitimate concerns that Mr. Goetz may be using this period of

20  avoidance and delay to secret assets.  As indicated above, even Goetz's own family sued him for the

21  fraud Goetz perpetrated against his own parents.

22  //

23  //

24  //

25  //

26  //

27  //

28

- 5 -

IV.    **CONCLUSION**

For the foregoing reasons, Mr. Challas respectfully requests that this Court now dismiss Goetz's instant appeal.

Dated: May 13, 2008                    ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                       STEINHEIMER LLP


                                       By _____
                                          Daniel D. McGee
                                          Co-Counsel for JOHN CHALLAS

- 6 -

**CERTIFICATE OF SERVICE**

I, Nichole M. Pruitt declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On May 13, 2008, I served the following document(s) on the parties in the within action:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLEE/PLAINTIFF JOHN CHALLAS' MOTION TO DISMISS THE APPEAL BY APPELLANT/DEFENDANT STEPHEN GOETZ**

| X | **VIA OVERNIGHT SERVICE:**  The above-described document(s) will be delivered by overnight service, to the following: |
|---|---|
| X | **VIA ELECTRONIC SERVICE:**  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

Stephen Goetz                                        Debtor In Pro Per
13725 Robleda Road
Los Altos, CA 94022
**(Via Overnight Delivery)**

George P. Eshoo, Esq.                              Co-Counsel for John Challas
Law Offices of George P. Eshoo et al.
702 Marshall Street, Suite 500
Redwood City, CA 94063
**(Via Electronic Service)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on May 13, 2008.

By _Nancu M. Pitt_____
        Nichole M. Pruitt

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLEE/PLAINTIFF JOHN CHALLAS' MOTION TO DISMISS THE APPEAL BY APPELLANT/DEFENDANT STEPHEN GOETZ