**E-FILED on:   8/5/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Stephen J.R. Goetz and Diana Goetz,<br><br>    Debtors.<br>_____<br><br>STEVEN J.R. GOETZ,<br><br>    Appellant,<br><br>v.<br><br>JOHN CHALLAS,<br><br>    Appellee. | No. C-07-06364RMW<br><br>**[Re Docket No. 5]**<br><br>ORDER GRANTING THE MOTION TO DISMISS STEPHEN GOETZ'S APPEAL |

Debtor Steven Goetz appeals from a bankruptcy court order finding that the confirmation of plan of reorganization did not discharge the slander claim brought against him by the appellee, John Challas. *See In re Goetz*, 2007 WL 3095418 (Bankr. N.D. Cal. Oct. 19, 2007) (Morgan, B.J.). Mr. Challas moves to dismiss the appeal. Mr. Goetz has not filed an opposition. The court has reviewed the moving papers and considered the argument of counsel for Mr. Challas. For the reasons set forth below, the court grants the motion.

### I. PROCEDURAL HISTORY

Following the entry of the bankruptcy court's order permitting Mr. Challas to pursue his claim for slander, Mr. Goetz filed a notice of appeal on November 1, 2007. *See* Decl. of Daniel D.

McGee, Ex. 2. Mr. Goetz designated a swath of materials to consist of the record on appeal, including the bankruptcy court's memorandum opinion and the transcripts of various hearings. *See id.*, Ex. 3. Upon receipt of the notice of appeal, the bankruptcy appellate panel sent an opening letter to the parties informing them of the need to transmit the record on appeal. *See id.*, Ex. 5 (citing Fed. R. Bankr. P. 8006 and Fed. R. Bankr. P. 8007).

Mr. Challas declined to proceed before the bankruptcy appellate panel and Mr. Goetz's appeal was reassigned to this court. *See id.*, Ex. 8. The court scheduled a case management conference for April 18, 2008. *See* Docket No. 4. Mr. Challas filed a status conference statement noting that Mr. Goetz had failed to lodge the record of the proceedings below. *See* McGee Decl., Ex. 9 (Docket No. 3). Mr. Goetz failed to appear at the case management conference. *See* McGee Decl., Ex. 10 (Docket No. 4).

To permit his underlying adversary proceeding to go forward, Mr. Challas filed the pending motion to dismiss on May 13, 2008. Mr. Goetz has not filed an opposition.

## II.  ANALYSIS

Federal Rule of Bankruptcy Procedure 8006 requires the appellant to, among other things, designate what he wishes to include in the record on appeal. Mr. Goetz did that much. *See* McGee Decl., Ex. 3. Rule 8006 requires the party requesting that a designated item be included in the record to provide it, and if the party fails, the clerk must prepare a copy of the designated item at the party's expense. Similarly, Rule 8006 requires a party requesting that the record include a transcript to provide the transcript. The clerk has no duty to prepare or provide a transcript if a party to the appeal fails to provide the requested transcript. *See* Fed. R. Bankr. P. 8006. Compiling this record is "mandatory, not optional." *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999). Failure to compile and transmit the record prevents the appellate court from exercising its function. Unsurprisingly, such a failure justifies dismissal of the appeal. *Id.* (citing *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991)); *but see In re Williams*, 287 B.R. 787, 791-92 (9th Cir. BAP 2002) (noting an inadequate record on appeal but opting to reach the merits of the issue presented).

Mr. Goetz was first reminded of the need for him to perfect his appeal in early November. He was again reminded when Mr. Challas flagged the issue in his status conference statement, though Mr. Goetz declined to appear at the status conference. Mr. Goetz was informed of his failure a third time by Mr. Challas' motion to dismiss.

Mr. Goetz has ignored these reminders. He failed to appear the initial case management conference in this court. He has also failed to oppose Mr. Challas' motion to dismiss. Because Mr. Goetz has failed to perfect the record for review, failed to appear before this court and failed to diligently prosecute his appeal, the court grants Mr. Challas' motion to dismiss.

### III. ORDER

For the foregoing reasons, the court grants the motion to dismiss the appeal. The clerk may close the file.

DATED:    8/4/2008

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

ORDER GRANTING THE MOTION TO DISMISS STEPHEN GOETZ'S APPEAL
No. C-07-06364 RMW
TSF                                                                 3

**Notice of this document has been electronically sent to:**

**Counsel for Appellee:**

Daniel Dempsey McGee   dmcgee@ecplslaw.com
George P. Eshoo   georgeeshoo@aol.com
Mark E. Ellis   mellis@ecplslaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Notice of this document has been mailed to:**

**Appellant:**

Stephen Goetz
13725 Robleda Road
Los Altos, CA 94022
650-941-6000
PRO SE

**Dated:**   8/5/2008                                 TSF
**Chambers of Judge Whyte**